[Civil No. 1555.   Filed November 8, 1917.]

[168 Pac. 501.]

IRVING LOCKWOOD, Appellant, v. J. T. LOCKWOOD, Appellee.

1. DIVORCE—DECREE—SETTING ASIDE—WANT OF JURISDICTION.—Where there was a failure to get jurisdiction of a defendant in a divorce action, upon a proper showing, the court could set aside a judgment at any time.

2. DIVORCE — NEW TRIAL — STATUTES. — Civil Code of 1913, paragraph 592, providing that defendants being served by publication may be granted a new trial within a year for good cause, includes divorce actions.

3. DIVORCE—NEW TRIAL—"GOOD CAUSE"—DEFAULT.—Where plaintiff obtained a divorce for cruelty, on service by publication, a verified answer filed denying cruelty, and alleging that defendant was a true and loving wife, supported by a letter from the plaintiff, shows a "good cause" for a new trial within Civil Code of 1913, paragraph 592, allowing judgments to be opened for good cause within one year.

4. JUDGMENT—SETTING ASIDE—GROUNDS—"GOOD CAUSE."—Under Civil Code of 1913, paragraph 592, providing that where served by publication a defendant can have a new trial for "good cause" shown, the only question before the court, where the correct procedure has been followed, is whether an answer supported by affidavits states a good defense.

5. APPEAL AND ERROR—PRESUMPTIONS OF REGULARITY.—An order setting aside a judgment for "good cause shown" under Civil Code of 1913, paragraph 592, relating to new trials to persons served by publication, is followed by the same presumptions of correctness as other orders, and will be disturbed only for errors on the face of the record.

6. APPEAL AND ERROR—DECISIONS REVIEWABLE—SETTING ASIDE JUDGMENTS. — An order setting aside a judgment for "good cause

shown," and granting a new trial under Civil Code of 1913, paragraph 592, is appealable.

7. DIVORCE—SETTING ASIDE JUDGMENT—SERVICE BY PUBLICATION.—That plaintiff, obtaining a divorce by publication, is remarried has no weight against setting aside the judgment under Civil Code of 1913, paragraph 592.

[As to estoppel by remarriage to attack decree of divorce, see note in **Ann. Cas.** 1917E, 125.]

APPEAL from a judgment of the Superior Court of the county of Maricopa. F. H. Lyman, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant commenced an action in said court against the appellee, wherein he is seeking an absolute divorce upon certain alleged grounds. The appellee was served with process by publication, and did not appear in person or by an attorney, or at all. Judgment was rendered in said cause on said service of process by publication on the twentieth day of October, 1914. On September 10, 1915, the appellee, defendant in said action, applied to said court for a new trial of said action, and filed a complaint in said court in said proceeding, setting forth her cause therefor, supported by her affidavit, and tendered an answer asking permission to file the same, all within one year after the rendition of said judgment, and caused process to be issued and served on the appellant as the party adversely interested in said judgment. The application came on to be heard, and as a result of such hearing the court entered the following order, to wit:

" . . . It is ordered by the court that the default heretofore entered in cause No. 7905 be and the same is hereby vacated and set aside, and the judgment heretofore rendered in the said cause No. 7905 be and the same is hereby vacated and set aside, with leave to the defendant in said cause No. 7905 to answer upon the merits in said cause No. 7905. And it is further ordered by the court that said defendant in said cause No. 7905 be and she is hereby granted a new trial therein."

From which orders and judgment Irving Lockwood appeals.

Mr. J. J. Cox and Mr. M. T. Phelps, for Appellant.

Messrs. Hayes & Laney, for Appellee.

CUNNINGHAM, J. (After Stating the Facts as Above).—
The appellant has devoted much of his attention to the questions of the legal sufficiency of the service of process on the defendant to acquire jurisdiction in the original action. Assuming that the court failed to acquire jurisdiction over the defendant, then the judgment and decree rendered were void absolutely, and upon a proper showing made would be set aside by the court rendering it at any time. *McLean* v. *Territory*, 8 Ariz. 195, 71 Pac. 926. The appellant contends and the record fairly sustains his contention, viz., that the process was regularly served upon the defendant by publication in the "Arizona Labor Journal." As a consequence the judgment rendered on such service was not absolutely void.

This proceeding, however, is in its nature a proceeding within the contemplation of paragraph 592 of the Civil Code of Arizona of 1913, in that it is a case in which judgment has been rendered on service of process by publication, as contended by appellant, when the defendant in such case has not appeared in person or by an attorney of his own selection. These conditions seem to be present, and the appellant does not dispute. Paragraph 592, *supra*, leaves with the trial court the power to grant such defendant a new trial "for good cause shown, supported by affidavit filed within one year after rendition of such judgment." The record discloses that such defendant, this appellee, has followed the form of procedure required by paragraph 593 of the Civil Code of Arizona of 1913, to invoke the power of the court; that is, the said defendant filed her complaint and caused service of process to be made upon the party adversely interested in the judgment as is required by law to be done in other cases. The order made from which the appeal is prosecuted responds to such procedure.

Has the appellee shown good cause, and supported such showing by affidavit filed within one year after the rendition of the judgment? The showing made and affidavit required were filed within one year's time after rendition of the judgment. This fact is conclusively shown by the record. The inquiry remains whether the showing made is sufficient.

The appellee as a portion of her application tenders her answer which she offers to file in the original case. The sole

ground for divorce relied upon by the original plaintiff is that of cruelty "alleged to have been perpetrated and practiced by the defendant in said cause upon and against the plaintiff therein." In her said answer the defendant-appellee squarely put in issue the fact of cruelty by squarely denying: "That she has been at any time guilty of any cruel treatment toward said plaintiff, or that she has ever committed any outrageous acts toward said plaintiff, or that she continuously or at all quarreled at plaintiff, . . . but defendant alleges that she has at all times conducted herself toward plaintiff as a true and loving wife, and has devoted herself exclusively to the care of her home and to the raising of the children of herself and plaintiff. . . ."

In support of this and other allegations in said answer appears a letter alleged to have been written by the appellant. The answer is verified by the affidavit of the appellee. If the material allegations of the answer are established by proof, the plaintiff in the original action ought not recover. Every defendant has a right to be heard when charged in court with the commission of a wrong. Under our law a defendant served by publication is given one year after a judgment is rendered on such service in which to be heard in defense. Unless the proposed defense has merit the court will refuse to disturb the judgment. When the application to be heard is made in the circumstances here present, the court should look no further than to determine whether the showing made is a good defense to the action, and as such presents a *bona fide* controversy to the court for determination. If such dispute is found to exist between the parties in the original cause, the court is in duty bound to vacate the judgment and determine such controversy. Of course, the determination reached is reviewable on appeal. All presumptions of its correctness follow such determination as would follow any other final order or action of the court. Upon review on appeal such order would not be disturbed unless the record shows error on its face. No error is shown on the face of this record.

The appellant attempts to show that since the divorce decree was rendered and before this proceeding was commenced, the appellant, relying upon the divorce decree as absolute, has again married another woman, and to vacate the said decree would work an irreparable injury. Granting all that

appellant claims in this respect as true, yet no valid reason is shown why the applicant should not be granted her legal rights and be heard. The appellant has through ignorance of the law brought about an injury for which he alone is responsible. He is charged with knowing that the laws of Arizona give to the appellee the clear right to cause the divorce decree to be vacated, and to be heard in her defense, and that right exists one year after the rendition of such decree. Knowing this to be the law, he took his chance and lost.

The order is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

As to opening, setting aside, and vacating divorce decree obtained by publication, see note in 19 L. R. A. 817, 819.