[Civil No. 2753. Filed October 17, 1929.]

[281 Pac. 215.]

EARL E. GORDON, Appellant, v. MAUDE LEE MUDD GORDON, by THOMAS DERRY, Her Guardian Ad Litem, Appellee.

See Judgments, 34 **C. J.**, sec. 675, p. 425, n. 39, p. 427, n. 52.

For opinion on rehearing, see *ante,* p. 357, 278 Pac. 375.

Mr. W. L. Barnum, Mr. B. B. Blakeney and Kathryn Van Leuven, for Appellant.

Messrs. Swenson & Swenson and Mr. Vern E. Thompson, for Appellee.

McALISTER, J.—In disposing of the motion for a rehearing the order refusing to vacate the decree of annulment was reversed and the case remanded, with direction to the trial court to set the decree aside and grant appellant's motion for a new trial, *ante,* p. 357 (278 Pac. 375), and appellee moves for a modification of this order. The ground of her motion is that this court, having held that under the allegations of appellant's complaint appellee committed such a fraud upon him and the court as to render the service in the original action apparent only, should have

reversed the order refusing to grant a new trial and merely directed that the decree of annulment be reopened and a hearing had upon the allegations of fraud. If they should be established at the hearing a new trial would follow, otherwise not. There is some merit to this contention, because the fact that these allegations were treated as true, for purposes of the motions to strike and the demurrers, did not justify an order which could rest only upon a finding that they were true in fact. Hence the order granting a new trial, in so far as it is based upon fraud and a lack of service, is broader than it should have been.

Notwithstanding this, however, we are strongly of the view that under all the facts of the case the order directing that the decree of annulment be set aside and a new trial granted was proper. The judgment was rendered on service by publication, and under paragraph 592, Revised Statutes of 1913 (Civil Code), the defendant in such a case has one year in which to apply for a new trial. This provision all the authorities say should be liberally construed, because it is the policy of the law that every litigant have his day in court, and while under this paragraph he is entitled to a new trial only upon good cause shown and not as an absolute matter of right, yet the showing he is required to make to obtain it should not be unnecessarily strict. If it reasonably appears therefrom that he has a defense to the action which has merit, it ought to be granted, and we are satisfied that the showing of appellant in this case is such as to entitle him to be heard. The allegations of his complaint, together with the affidavit filed at the same time, if true, show a good defense to the action seeking to annul. The affidavit of the plaintiff herself stating that at the time of her marriage to the appellant she was fully conscious of the step she was taking and that she entered into the marriage relation

with him of her own free will and wish, and that she was fully and completely satisfied with her marriage and desired to live and abide with him as his wife, falls very little short, if at all, of constituting a sufficient showing. In disposing of the motion for rehearing it was stated that an affidavit of merits was not necessary, since, due to the fraud of appellee in making a false affidavit, there was no service, but nothing was said as to the sufficiency of the showing in this respect.

The motion for a modification of the decree is denied.

LOCKWOOD, C. J., and ROSS, J., concur.