[Civil No. 3272. Filed January 21, 1935.]

[39 Pac. (2d) 933.]

## WALTER W. WEIGEL, Appellant, v. JESSE H. HOHN, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. J. P. Clark, for Appellee.

LOCKWOOD, C. J.—This appeal comes before us on the agreed statement of the case under section 3679, Revised Code of 1928, raising but one question of law, which may be stated as follows:

Under the provisions of the Revised Code of 1928, may a statement of costs, filed by the prevailing

party in the supreme or superior court, be verified by the attorney instead of by the party himself?

The controversy is over an alleged conflict between two sections of that code. Section 1484 reads:

"§ 1484. Statement of costs; exceptions thereto. The party in whose favor judgment is rendered and who claims his costs, shall file a statement of his costs, verified by the affidavit of the party, and shall serve a copy thereof on the opposing party. Such statement shall be filed and served within ten days after judgment, unless for good cause shown the time shall be extended by the court. At any time within five days after receipt of a copy of a statement of the costs by the opposing party, he may file exceptions thereto, serving a copy thereof on the opposing party, whereupon the court shall pass upon the same and by its order correct the same to the extent that it requires correction."

While section 3744 is in the following language:

"§ 3744. Verification of pleading or affidavit by agent. Whenever in a civil action a pleading is required to be verified by the affidavit of the party, or whenever in a civil action an affidavit is required or permitted to be filed, such pleading may be verified, or such affidavit made, by the party or by someone acquainted with the facts, for and on behalf of such party."

It is the position of appellant that section 3744, being general and inclusive in its terms, modifies and enlarges the limitation of section 1484, while appellee contends that the latter section, being special in its application, is an exception to the former.

The chief canon of statutory construction is that we are to ascertain, if possible, the intention of the legislature, and all other rules are merely to aid in ascertaining that intent. *Deyo* v. *Arizona Grading etc. Co.*, 18 Ariz. 149, 157 Pac. 371, L. R. A. 1916E 1257; *Coggins* v. *Ely*, 23 Ariz. 155, 202 Pac. 391. One of the rules used in attempting to determine this in-

tent is that we are to try to find a method that will give effect to all parts of the statute, on the theory that the legislature is presumed to have meant every part thereof to become law. *Arizona Eastern R. R. Co.* v. *Matthews,* 20 Ariz. 282, 180 Pac. 159, 7 A. L. R. 1149. And this is as true of different sections of a Code as of different clauses of the same statute. *Pareses* v. *California State Board of Prison Directors,* 208 Cal. 353, 281 Pac. 394; *Smith* v. *Blackford,* 56 S. D. 360, 228 N. W. 466. One of the methods of reconciling two apparently conflicting sections is by holding that a special statute in apparent conflict with a general one is an exception to the latter. *Townsend* v. *Little,* 109 U. S. 504, 3 Sup. Ct. 357, 27 L. Ed. 1012. But it is also true that a special statute should not be construed as an exception to a general one unless the two acts cannot otherwise be reconciled. *Kirkpatrick* v. *Board of Supervisors of Arlington County, Va.,* 146 Va. 113, 136 S. E. 186.

In this case we think that the intention of the legislature may best be determined by comparing the sections of the Code of 1913, requiring verifications and affidavits in civil cases, with similar provisions in the Code of 1928. On making this examination it appears that while in the Code of 1913 some of the verifications and affidavits could be made by "the party or his attorney" and some only by "the party," all, or practically all, of these same sections carried forward into the Code of 1928, on their face permit only "the party" to make them. Were this all, we would be compelled to say that the legislature meant *all* must be made by the party himself and that no substitutions could be allowed. But, after making these changes, the legislature added section 3744, an entirely new section, which did not appear in the Code of 1913 either in form or substance. Evidently there was a purpose in this. But, if we are to follow the

rule of construction contended for by appellee, the section does not apply in cases where the verification or affidavit is expressly limited to certain persons, while in cases where it is not, it is unnecessary, and the whole section thus becomes an empty gesture.

The act authorizing the codification of the laws of Arizona, under whose terms the 1928 Code was prepared, had as one of its purposes to "reduce in language" the existing law. If, as the legislature plainly stated in section 3744, *supra,* it had adopted as a new policy that all verifications and affidavits might be made by anyone acquainted with the facts, the natural way of carrying that policy out, consistent with the avoidance of repetition and "reduction in language," was to provide, in the separate section requiring a verification or affidavit, that it should be made "by the party," and then to add a general section that in all such cases anyone who knew the facts might act for the party. We think it much more reasonable to assume this was the intent of the legislature than that it would enact a statute which was either unnecessary, if a special section already allowed substitute verification, or inapplicable, if it did not, and thus of no effect under any circumstances.

We hold, therefore, that section 1484, *supra,* is not an exception to section 3744, *supra,* but that the latter section explains and enlarges the former.

The affidavit in question shows on its face, as it should if one other than the party verifies, that the affiant does know the facts. Such being the case, the order appealed from is set aside, and the case remanded, with instructions to deny the motion to strike the cost bill.

McALISTER and ROSS, JJ., concur.