[Civil No. 3633. Filed February 3, 1936.]

[54 Pac. (2d) 264.]

JAMES DEAN COLLINS, Appellant, v. HELENE STREITZ, Appellee.

148

Mr. John W. Ray, for Appellant.

Mr. D. P. Skousen, for Appellee.

McALISTER, J.—On January 4, 1930, a promissory note for $10,000, maturing three years after date and bearing eight per cent. interest, payable quarterly, was delivered to Helene Streitz, the payee therein, by Mrs. Hattie L. Mosher to whom the face value of the note was paid. It was signed as follows: "James Dean Collins James D. Collins, by Mrs. H. L. Mosher, attorney-in Fact. H. L. Mosher." As security for its payment a mortgage covering the north 25 feet of lot 8 and all of lot 7, block 1, Churchill Addition to the City of Phoenix, was executed by the same parties on January 15, 1930, and delivered to Helene Streitz. All the principal and over $1,200 in interest were due and unpaid up to January 4, 1933, so nine days later its holder, Helene Streitz, filed this suit to collect the note and foreclose the mortgage. She made the signers of the note and certain others, who it was alleged claimed some interest in the property, parties defendant.

Summons was served personally on those defendants residing in Maricopa county, Arizona, but one of the defendants, James Dean Collins, did not live in this state, so on January 26, 1933, plaintiff's attorney, D. P. Skousen, made and filed an affidavit for the purpose of obtaining service by publication and in it stated that he knew the facts better than

his client and that James Dean Collins was not a resident of the state of Arizona but he believed resided in the state of Oregon. On February 15th following he had an *alias* summons issued and the next day delivered a copy of it to the Tempe Daily News which published it for four successive weeks, the first publication being on February 16, 1933. Three months later, or on May 15, 1933, the plaintiff filed an amended complaint making the minor child of James Dean Collins a party defendant, but on January 26, 1934, the court, on motion of the plaintiff, struck this amended complaint and the pleadings of the minor from the files upon the ground that they were improperly filed. James Dean Collins having failed to answer, the clerk, upon application of the plaintiff, entered his default the same day. Proof of service by publication was made by filing the affidavit of plaintiff's counsel the day before, January 25, 1934.

The case was heard on February 1, 1934, and the court, after declining to enter personal judgment against James Dean Collins, rendered judgment on February 27, 1934, for the principal of the note and interest due thereon, declared a mortgage lien to exist on the property and foreclosed it.

Nine months later, or on November 28, 1934, James Dean Collins appeared specially by his attorney, John W. Ray, for the purpose of objecting to the jurisdiction of the court and obtaining a vacation of the default judgment. The motion to vacate was denied and it is this order together with the one denying a new trial the defendant has brought here for review.

The jurisdiction of the court was attacked upon several grounds and the overruling of each of these constitutes one of the several errors assigned. It is first urged that the court was without juris-

diction of the person of the defendant, Collins, because there was no service of process on him, except by publication, and this was not sufficient, since a copy of the complaint was not published along with a copy of the summons. It is only necessary to say relative to this contention that the statute does not require it. Section 3762, Revised Code of 1928, which provides for service by publication in those cases, among others, in which the defendant resides outside the state, directs that a copy of the summons be published and omits any reference whatever to the complaint. This section, so far as pertinent, reads:

"When a party to the action shall, . . . file an affidavit in the action that the defendant is a non-resident of the state, . . . *summons* shall be issued as in other cases, *and service shall be made by publication thereof* in some newspaper . . . at least once in each week for four successive weeks, and the service shall be complete thirty days after the first publication." (Italics ours.)

■ The court made no order authorizing service of process by publication, but upon the filing of the affidavit of nonresidence of the defendant, James Dean Collins, service was had on him in that manner, and one of the errors assigned is based upon the contention that the right to serve process by publication does not exist in the absence of an order of the court authorizing it. A reading of the excerpt from section 3762 discloses that the statute does not make this requirement. It may, perhaps, be good practice to procure such an order but it is clear that nothing is necessary to authorize service by publication other than the filing at the proper time of the affidavit of a party to the action that the defendant is a non-resident of the state of Arizona.

■■ And it is not necessary that the affidavit be separate and distinct from the complaint itself, but

it is sufficient if it is a part thereof, provided that pleading is verified by the plaintiff. *Porter* v. *Duke,* 34 Ariz. 217, 270 Pac. 625. The first allegation of the complaint which was verified by Helene Streitz, is "That the defendant, James Dean Collins, also known as James D. Collins, is not a resident of the State of Arizona, that his residence is unknown to the plaintiff." This was sufficient compliance with section 3762 to authorize service by publication.

The attorney for the plaintiff made and filed an affidavit as to the nonresidence of James Dean Collins for the purpose of securing service by publication, and he had a right to do so if he was acquainted with the facts. Section 3744, Rev. Code 1928; *Weigel* v. *Hohn,* 45 Ariz. 81, 39 Pac. (2d) 933. However, his affidavit in that respect was insufficient, because it states that the defendant is not a resident of the "County of Maricopa, State of Arizona," and overlooks the fact that there are thirteen other counties in the state. That portion of it should be disregarded as surplusage, the affidavit of the plaintiff in the verified complaint being sufficient.

Under these facts the service was complete, for the plaintiff could not comply with that portion of section 3762 providing that when the residence of the defendant is known to the party he shall state that fact in his affidavit and forthwith deposit a copy of the summons and complaint in the postoffice, postage prepaid, directed to his place of residence. Neither affidavit states that the residence of James Dean Collins is known to the affiant but both say it is unknown. The fact that the attorney states in his that he believes Collins lives in the state of Oregon does not show sufficient knowledge of his residence to demand compliance with this part of the section, for it is clear that it could not be presumed that a

letter addressed to James Dean Collins, state of Oregon, would reach him. And this showing is in no way strengthened by his statement in his affidavit of service, filed January 25, 1934, that he "placed a copy of the summons and complaint in an envelope properly stamped, as required by the United States mails, and addressed the envelope to James Dean Collins, one of the defendants, and required a registry return receipt. That James Dean Collins refused to accept the envelope and its contents." It does not appear therefrom, or elsewhere in the record, when he learned the residence of the defendant, or when he forwarded the envelope to him, whether before or after service by publication was complete, and what he may have learned after that was immaterial.

Appellant contends further that the default of James Dean Collins was prematurely entered because the service was not then complete. The proof of service was filed January 25, 1934, and it disclosed that the summons was published for four successive weeks, the first publication being on February 16, 1933, and the last on March 16, 1933. Under section 3762, *supra*, the service was complete thirty days after February 16, 1933, or on March 16, 1933, and the defendant had, under section 3766, Revised Code 1928, thirty days from that date or until April 16, 1933, to answer. He did not do so, however, within that time or within the following nine months, so his default was entered on January 26, 1934, the day following the proof of service. The defendant's contention is that since section 3765 provides that service of summons on a nonresident by registered mail shall be deemed complete thirty days after the filing of the affidavit of service and the return receipt, service of process, when made by publication, should also be treated as complete thirty days after the filing of

the affidavit of service, or, in this case, thirty days after January 25, 1934. The same rule does not apply. Service by publication is not governed by section 3765 but by section 3762, which provides that it shall be complete thirty days after the first publication, not after the filing of the proof thereof. "It is the fact of service and not the return of service that confers jurisdiction." *Crook* v. *Crook,* 19 Ariz. 448, 170 Pac. 280.

It is contended further that the court was without jurisdiction, because there was no cause pending in which action of any nature could be taken. The amended complaint, he argues, superseded the original and for all practical purposes eliminated it from the case, and the striking of the amended complaint from the files did not reinstate the original, so there was left no complaint upon which the court could act. It is, of course, true, as a general proposition of law, that the original complaint performs no further function as a pleading when an amended complaint is filed, because the latter usually sets up a new cause of action, modifies the one already pleaded, or brings in a new party or parties, but it does not supersede the original in every particular. The original is still a part of the record for some purposes, for instance, to determine when an action was commenced, if limitation is pleaded, or whether a new cause of action is stated. Sutherland's Code Pleading and Practice, vol. 1, page 491, par. 800; 49 C. J. 560. And, there is no reason why the plaintiff, if he desires to have an amended complaint dismissed and proceed on the original, may not do so, provided the defendant is in no way prejudiced and the court consents. It is plain that the defendant, James Dean Collins, was not injured or prejudiced by the striking of the amended complaint from the files, because it merely brought in

a new party-defendant, Julia C. Collins, a minor, residing outside of the state, and retained the cause of action alleged in the original in its entirety. Hence, in having it stricken the plaintiff did no more than discontinue or dismiss the action it alleged in so far as it concerned the new party, a thing that she could have done just as effectively by dismissing the amended complaint as to that person if she had gone to trial on that pleading. The allegations of the original complaint, which were repeated in the amended, were never abandoned, hence, it was immaterial on which pleadings she went to trial. The court had the power upon striking the amended to restore the original complaint and it is clear that such was its intention in this case, because there is nothing even suggesting that the plaintiff intended, by moving to dismiss, to abandon her cause of action, except as it related to the new party-defendant. Even if it were not clear that such was the intention, the effect would have been the same if the amended complaint, as the trial court held, was improperly in the record. *Spooner* v. *Cady*, 4 Cal. Unrep. 539, 36 Pac. 104. The rule as given by the Encyclopaedia of Pleading and Practice, volume 1, page 627, is even broader. It says: ''But where an amended complaint is stricken out the original is restored.''

It is clear that the service was sufficient to give the court jurisdiction of the defendant, James Dean Collins, for the purpose of fixing the liability of the makers of the note and for foreclosing the realty mortgage lien on the property securing it which was located within the jurisdiction of the court. 21 R. C. L. 1287, par. 31. ''Constructive service by publication may also be had in actions to foreclose mortgages.'' 15 R. C. L. 636. It is true that service by publication would not have authorized personal

judgment against the defendant, *Pennoyer* v. *Neff*, 95 U. S. 714, 24 L. Ed. 565, and the court declined to render one, but it did justify a judgment foreclosing the mortgage lien, the suit being in that respect an action *in rem*.

 As a part of the motion to set aside the judgment for lack of jurisdiction the defendant asked for a new trial, under the provisions of section 3851, Revised Code 1928, reading as follows:

"When judgment has been rendered on service by publication, and the defendant has not appeared, a new trial may be granted, upon the application of the defendant, for good cause shown by affidavit, made within one year after rendition of such judgment."

To obtain a new trial under this provision a defendant must show that he was served by publication, that he did not answer and that he has a good defense. He is not required to excuse his failure to appear upon any ground except that he was served by publication and did not answer. The expression, "good cause shown by affidavit" refers to the sufficiency of the defense disclosed therein and if it appears therefrom that it is a meritorious one he is entitled to a new trial. *Lockwood* v. *Lockwood*, 19 Ariz. 215, 168 Pac. 501; *Gordon* v. *Gordon*, 35 Ariz. 532, 281 Pac. 215. Subdivision 4 of the syllabus to the first of these two cases reads as follows:

"Under Civ. Code 1913, paragraph 592, providing that where served by publication a defendant can have a new trial for 'good cause' shown, the only question before the court, where the correct procedure has been followed, is whether an answer supported by affidavits states a good defense."

 The substance of the defense set up in the motion and supported by the affidavit of his attorney, is that James Dean Collins neither signed nor author-

ized anyone else to sign for him either the note or mortgage; that the execution of neither was his act; that his name was attached to both instruments by H. L. Mosher to bind him as security for the loan to her of $10,000, the consideration for the execution and delivery of them; that she placed his name to both without his knowledge, consent or authority, and that he has never by act or deed ratified the same.

Whether this is a good defense rests upon the sufficiency of the authority conferred upon Mrs. Mosher by the power of attorney under which she acted in executing the note and mortgage. That instrument was executed by James Dean Collins in February, 1926, thereafter placed of record in the office of the county recorder of Maricopa county, Arizona, and at the date of the trial had not been revoked. It was read into the record at that time and if its language was such that it could be reasonably construed to authorize Mrs. Mosher to execute the note and mortgage, the judgment of foreclosure was correct and the proposed defense without merit, because the defendant's denial of authority in the face of a power of attorney giving it would be wholly ineffective.

The trial court, in passing on the sufficiency of the defense, must have held that the power of attorney which was before it at the trial did confer this authority and there is no way by which we can determine whether that construction of it was correct, since it is not a part of the record brought to this court. An appellate court confronted with such a situation has no alternative other than to presume that the court's interpretation of it was proper. If the instrument were before us we might feel that it calls for a different construction but as it is we can only say that the court must have construed it properly.

It follows, therefore, that the order denying the motion to vacate the judgment and grant a new trial should be affirmed, and such is the order of the court.

LOCKWOOD, C. J., and ROSS, J., concur.