[Civil No. 3717.   Filed September 21, 1936.]

[60 Pac. (2d) 931.]

LYMAN C. HUFF, Appellant, v. CHARLES B. FLYNN, Appellee.

Messrs. Misbaugh & Fickett, for Appellant.

Messrs. Cusick & Lyons, for Appellee.

LOCKWOOD, C. J.—Lyman C. Huff, hereinafter called plaintiff, on March 5, 1935, brought suit to quiet title to his interest in a certain lease of land owned by the state of Arizona. There were four defendants, but as three of them defaulted and judgment was rendered against them, we shall hereinafter refer to Charles B. Flynn, the only one of the four who defended the action, as defendant. The latter was personally served in Pima county, and therefore had twenty days in which to answer the complaint. On the 19th day he filed a motion for security for costs, but did not file any other pleading. On the first regular law and motion day thereafter, the attorneys for the parties appeared before the court, but for some reason the motion for security for costs was not taken up nor passed on. Some days

later, the time allowed for answer having expired, plaintiff caused a default to be entered, and two weeks later, and without notice to defendant, plaintiff had the case called for trial, introduced both oral and documentary evidence, and judgment was rendered in his favor. Thereafter defendant's attorneys filed a verified motion to set aside the judgment and default which was later amended. Many of the allegations of fact in this motion were traversed by defendant, and the matter was finally heard on June 24th, when the court granted the motion, and from such order this appeal was taken.

There are a number of questions of practice presented on the appeal, but the vital one is whether or not the trial court erred in granting the motion to set aside the judgment and default. We have had questions of this nature before us repeatedly, and have laid down the following rule. In order that any judgment and default may be set aside, it is incumbent upon the moving party to show by a properly verified motion (a) excusable neglect for the default, and (b) a *prima facie* defense on the merits. *Beltran* v. *Roll*, 39 Ariz. 417, 7 Pac. (2d) 248. Plaintiff contends that since the motion was verified by defendant's attorney, and not by defendant himself, the verification is insufficient. We think that a verification by an attorney is sufficient if it appears that he was acquainted with the facts upon which the particular pleading is based. *Weigel* v. *Hohn*, 45 Ariz. 81, 39 Pac. (2d) 933; *Collins* v. *Streitz*, 47 Ariz. 146, 54 Pac. (2d) 264. The verification states that the matters contained in the motion are true of the attorney's own knowledge, in substance and in fact, and we must assume, in the absence of a showing to the contrary, that this is true.

The next question is whether the motion shows excusable neglect on the part of defendant. It

appears from the motion and from the briefs that a motion for security for costs was pending at the time the default was entered and the judgment rendered. We think the weight of authority is to the effect that a motion for costs is not an answer sufficient to prevent a default from being taken. *Naderhoff* v. *Benz & Sons*, 25 N. D. 165, 141 N. W. 501, 47 L. R. A. (N. S.) 853. This, however, does not mean that the reliance of attorneys upon such a motion as preventing a default, does not constitute excusable neglect, since the question has not heretofore been determined by this court. The trial judge evidently held that the failure to answer within the statutory time was excusable under the circumstances, and we cannot say affirmatively that he abused his discretion in this respect.

■ The second question is as to whether the petition showed a defense on the merits. The purpose of an affidavit of merits is not to determine the real facts of the case, nor, indeed, to settle finally the pleadings and issues upon which it is eventually to be tried. It is sufficient if it shows upon its face that, admitting all the facts set forth therein, there would be a substantial defense to the action. In other words, unless the defense set up in the affidavit would be subject to a general demurrer, it is sufficient.

■ The complaint alleges in substance that the state land department of Arizona issued a lease of the premises involved in this action to John Greenwood, as trustee, and that he held the same in trust for plaintiff; that he thereafter assigned the lease to defendant, and at his request the state land department canceled the original lease and issued a lease in favor of defendant, and that at all of these times defendant well knew Greenwood was merely a naked trustee for the benefit of plaintiff.

The affidavit of merits alleged that Greenwood was trustee for certain parties other than plaintiff, and that the lease had properly passed through various conveyances and assignment to defendant. It further alleged that plaintiff never did have and does not now have any interest in said property of any kind whatsoever.

These pleadings raise the issue of whether Greenwood was ever trustee for the benefit of plaintiff. Defendant in substance denies that he was, and if this is true, it is a good defense to plaintiff's suit to quiet title. While the defense could perhaps have been set forth in more apt language, we think it was sufficient to justify the trial court in setting aside the judgment and default and permitting defendant to defend on the issues raised by his affidavit.

█ The question of setting aside a default and a judgment rendered thereon is peculiarly within the discretion of the court, and we will not interfere with such discretion unless it appears clearly that it has been abused. No such abuse appears in the present case, and the order is therefore affirmed.

McALISTER and ROSS, JJ., concur.