[Civil No. 4028.   Filed January 9, 1939.]

[86 Pac. (2d) 23.]

E. B. PERRIN, Jr., and Mrs. E. B. PERRIN, Jr., Appellants, v. PERRIN PROPERTIES, INCORPORATED, Appellee.

Mr. E. R. Byers and Mr. Urban R. Miller, for Appellants.

Messrs. Favour & Baker and Mr. A. M. Crawford, for Appellee.

LOCKWOOD, J.—This is an appeal from an order of the superior court of Yavapai county, made December 31, 1937, denying the petition of E. B. Perrin, Jr., and Mrs. E. B. Perrin, Jr., his wife, hereinafter called defendants, to set aside a certain judgment and grant a new trial to defendants. The situation presented by the record may be stated as follow:

Perrin Properties, Inc., a corporation, hereinafter called plaintiff, brought suit in the superior court of Yavapai county on July 3, 1936, against Sherman Hazeltine as administrator of the estate of E. B. Perrin, Sr., deceased, E. B. Perrin, Jr., and Mrs. E. B. Perrin, Jr., his wife, the defendants herein and many other parties, for the purpose of quieting title to many thousand acres of land in the counties of Santa Cruz, Cochise, Yavapai, Coconino and Navajo. Service was made personally on some of the defendants and by publication, in the manner provided by law, on others, and the case came on regularly for hearing on September 9, 1936. None of the defendants had answered except Yavapai county, and a default was asked for against all of the defendants upon whom personal service had been made. Evidence was then offered by plaintiff showing that every effort had been made to locate defendants herein and to serve them personally for the reason that plaintiff desired to avoid any question as to whether the service on them was legal or not, but that they could not be found. This evidence covers some forty-three pages of the reporter's transcript, and we will refer to it in detail in this opinion as it becomes necessary. A default was thereupon entered as against them, and the court proceeded to hear evidence on the merits of the

case. Thereafter, and on the 24th day of September a formal judgment was entered quieting the title as prayed for in the complaint. The court found therein as follows:

"that the residence of E. B. Perrin, Jr., and Mrs. E. B. Perrin, Jr., his wife, at the time of instituting the above entitled cause of action, immediately prior thereto, and at all times since, is and was unknown to the plaintiff, that plaintiff prior to and during said times made due and diligent effort to ascertain the residence of E. B. Perrin, Jr., and of Mrs. E. B. Perrin, Jr., that said E. B. Perrin, Jr., and Mrs. E. B. Perrin, Jr., are transient persons and were transient persons at the time this cause of action was instituted and have remained so ever since; that said E. B. Perrin, Jr., and Mrs. E. B. Perrin, Jr., concealed themselves to avoid the service of summons in this action, and did so conceal themselves at the time this action was instituted, and have continued to do so at all times since; . . . "

and that all of the allegations of the complaint were true, and then rendered a decree quieting the title to the property set forth in the complaint in plaintiff.

On the 22d day of September, 1937, lacking but two days of being one year after the rendition of judgment, defendants herein moved to set aside the judgment under section 3851, Revised Code 1928, and to grant them a new trial. The section referred to reads, so far as material, as follows:

"*New trial after service by publication; superseding judgment.* When judgment has been rendered on service by publication, and the defendant has not appeared, a new trial may be granted, upon the application of the defendant, for good cause shown by affidavit, made within one year after rendition of such judgment. . . . "

The affidavit in support of the motion set up, in substance, that the residence of defendants was at all

times known to the plaintiff, and that, although it was so known, no copy of the summons and complaint was ever served on them, or mailed to them at their residence, or at any other place. The affidavit further set up that the defendants had a good and meritorious defense to the action. An answer was tendered with the motion and affidavit, claiming that the plaintiff did not own the lands in question in fee simple, but that defendants had an equitable ownership of approximately one-fourth therein, and denying generally all the allegations of the complaint.

Counsel for plaintiff filed an affidavit opposing the motion for new trial, and the matter having been continued from time to time, on December 31, 1937, the motion for new trial was denied. Thereupon this appeal was taken.

It will be noticed that the appeal is from the order denying the motion for a new trial, and not from the original judgment quieting title in the plaintiff. The sole question for our consideration, therefore, is whether or not the court erred in denying the motion.

Section 3851, *supra,* upon which the motion was based, provides that when a defendant has been served by publication, a new trial *may* be granted *for good cause shown.* The granting is not mandatory upon the court, but is dependent upon its sound legal discretion. *Crook* v. *Crook,* 19 Ariz. 448, 170 Pac. 280; *Western Indemnity Co.* v. *Kendall,* 27 Ariz. 342, 233 Pac. 583; *Huff* v. *Flynn,* 48 Ariz. 175, 60 Pac. (2d) 931. The question then is whether this discretion was abused. It appears from the record that the court found, in rendering the judgment, that defendants had deliberately concealed themselves to avoid the service of summons. We have examined the reporter's transcript and are satisfied that this finding was supported by the evidence taken before the default was entered.

It further appears that defendants knew of the rendition of the judgment of September 24, 1936 within not over two months thereafter, but notwithstanding this they delayed their motion to set aside the judgment and to grant a new trial for over ten months, and only filed it two days before the statutory time in which it might have been filed had elapsed. We have held that in order that a default be set aside two things must appear: first, that the default was excusable and the defendant without fault; and, second, that a meritorious defense be shown by his answer. *Lynch* v. *Arizona Enterprise Min. Co.*, 20 Ariz. 250, 179 Pac. 956; *Bryant* v. *Bryant,* 40 Ariz. 519, 14 Pac. (2d) 712; *Martin* v. *Sears,* 45 Ariz. 414, 44 Pac. (2d) 526; *Michener* v. *Standard Acc. Ins. Co.*, 46 Ariz. 66, 47 Pac. (2d) 438. It is true that in the case of *Collins* v. *Streitz,* 47 Ariz. 146, 155, 54 Pac. (2d) 264, 268, we said:

"To obtain a new trial under this provision a defendant must show that he was served by publication, that he did not answer and that he has a good defense. He is not required to excuse his failure to appear upon any ground except that he was served by publication and did not answer. The expression 'good cause shown by affidavit' refers to the sufficiency of the defense disclosed therein and if it appears therefrom that it is a meritorious one he is entitled to a new trial. *Lockwood* v. *Lockwood,* 19 Ariz. 215, 168 Pac. 501; *Gordon* v. *Gordon,* 35 Ariz. 532, 281 Pac. 215. Subdivision 4 of the syllabus to the first of these two cases reads as follows: 'Under Civ. Code 1913, par. 592, providing that where served by publication a defendant can have a new trial for "good cause" shown, the only question before the court, where the correct procedure has been followed, is whether an answer supported by affidavits states a good defense.' "

Upon examining the facts in this case, however, and those in the case of *Lockwood* v. *Lockwood,* and

*Gordon* v. *Gordon,* cited in the Collins case, we find that the factual situation was very different, indeed, than that involved in the present one. No contention was made in any of those cases that the party seeking to reopen the case had been guilty of any fraud whatever or deliberate misconduct in avoiding the service of summons. We think that while the result reached in the Collins case, and the others cited therein, was correct, our language was perhaps too broad, and that while it is true that under section 3851, *supra,* a defendant is not required to show affirmatively anything more than that he has a good defense upon the merits, if it appears from the record that the defendant has deliberately and intentionally prevented the personal service of the summons upon him, the ''good cause'' required by the section has been shown to be absent, and the trial court does not abuse its discretion in refusing a new trial.

We think the record is such that the trial court was justified in its finding that the defendants had deliberately avoided service of summons, and this being the case, we cannot say affirmatively that it abused its discretion in refusing to set aside the judgment and grant a new trial.

The order appealed from is affirmed.

ROSS, C. J., and McALISTER, J., concur.