167 P.2d 94

**EVANS v. HALLAS.**

No. 4801.

Supreme Court of Arizona.

March 11, 1946.

Cox, Lockwood & Lockwood, of Phoenix, for appellant.

V. L. Hash, of Phoenix, for appellee.

MORGAN, Judge.

The plaintiff, appellee, brought suit to quiet title to lot 12, Ward Tract, Maricopa County. Among the defendants named was Narcis Evans, the appellant. The complaint was verified, but no allegations appear as to the residence of defendant Evans. Summons was published without first making the affidavit required by sec. 21-306, A.C.A.1939. Following the completion of publication and the taking of default against the defendants, an affidavit containing the facts required in sec. 21-306, supra, was filed. The parties will hereafter be referred to as plaintiff and defendant.

At the trial plaintiff's testimony disclosed that she had purchased the property from the State of Arizona and had received a deed for the premises. Basically plaintiff's title rests on a treasurer's tax deed issued five years after the sale of the property for taxes. Judgment was .entered quieting plaintiff's title against defendant. A writ of assistance was issued and served following the entry of judgment, from which the defendant for the first time had actual knowledge of the proceedings in this case and of the fact that her property had been sold for taxes. Within three months after the entry of judgment, and two weeks after the actual notice, defendant moved the court to quash the writ of assistance, set aside the default and judgment entered against her, and permit her to answer. The grounds of this motion were: (1) Invalidity of service of summons in that prior to publication there was no showing, by affidavit or otherwise, that defendant was a nonresident, or was absent from the state, or was a transient, or that her residence was unknown, or that she concealed herself to avoid service, as provided and required by sec. 21-306, supra. (2) Under the provisions of sec. 21-1309, A.C.A.1939, where service is made by publication, the defendant is entitled, upon motion made within a year showing a good defense, to a new trial. (3) She has a meritorious defense, as shown in tendered verified answer and cross-complaint containing in substance the following: Residence on lot 12 and maintenance of her home thereon for twenty years, where she also received her mail, and "that she believed that the plaintiff, Ruth Hallas, knew or with reasonable diligence could have discovered her mailing address." She became a widow on February 10, 1930, and her status has not changed. In that year, upon acquisition of deeds for

lots 12, 21 and 22, in the name of herself and her deceased husband, the assessed value being less than $2,000, she went to the county assessor for the purpose of securing exemption thereon, giving the correction description of the lots. She is unable to read or write, and signed the affidavit prepared by a deputy assessor which she relied upon as allowing her widow's exemption on the three lots. Through inadvertence or mistake of the officer, lots 12 and 21 were omitted. Each year thereafter the same proceedings were had. She signed affidavits believing they covered lots 12 and 21, but the same mistake continued. She had no notice or knowledge of the assessment or sale of the property for taxes. She alleged that the lot was exempt, not subject to taxes, and that the tax deed was void and ineffective.

Defendant's application was denied. Another motion was thereupon filed by defendant setting out, in addition to the facts above mentioned, that she had made tender of all taxes, interest, costs and penalties, and other charges for which lot 12 was sold, which was refused. This motion was also denied. From the judgment entered on denial of the first motion, defendant appeals.

Two fundamental questions are presented.

First: In a direct proceeding such as this, must a default judgment be set aside, which is based solely on publication, when the record discloses that prior to default no affidavit was made nor filed in accordance with the requirements of sec. 21-306, supra, and the record was wholly void of facts from which the court might have found facts existing which would justify the publication?

Second: Where a widow seasonably claims exemption from taxes, to which she is entitled on designated property, and informs the taxing officer of her desire to make the claim on such property, and through error or mistake of the official the property is not described in the affidavit, may she collaterally attack the resulting erroneous tax sale of her exempt property?

█ It is well settled that the filing of an affidavit for service of summons is not a fatal defect if the facts otherwise appear, such as in a verified complaint, alleging and setting out the nonresidence and other essential prerequisites. Porter v. Duke, 34 Ariz. 217, 270 P. 625; Collins v. Streitz, 47 Ariz. 146, 54 P.2d 264. From a perusal of the opinions in these cases, and in the later case of Southwest Metals Company v. Snedaker, 59 Ariz. 374, 129 P.2d 314, it is apparent that this court has always considered it essential to the validity of service by publication that the record, before the beginning of publication, must disclose the essential facts which the statute requires as a predicate for publication. We say this notwithstanding the statement of the court in the earlier case of Noonan v. Montgomery, 24 Ariz. 311, 209 P. 302, 305, 25 A.L.R. 1251. There, where a collateral

attack was involved, and an insufficient affidavit had been filed, the court expressly declined to pass on the question of whether the filing of a sufficient affidavit was "a preliminary step essential to a valid publication of summons, which, if omitted, invalidates the judgment." Before rendering judgment in that case, the testimony relative to nonresidence was produced and filed. The court said: "As the record sufficiently shows that the court had jurisdiction in fact, the judgment must be held good against the objection."

 This court has never held that where none of the essential facts appeared on the record which would justify service by publication, such as allegations in the complaint, a default judgment entered under such circumstances is valid and may not be attacked in a direct proceeding. It is our view that substantial compliance must be made with the statute, and that service by publication is ineffective, at least against direct attack, unless by affidavit or otherwise, the essential prerequisites of nonresidence, absence, etc., exist in the record at the time of publication. An affidavit filed after publication and judgment by default will not validate the process. If the statute or rule means anything, it means what it says, "When a party to the action shall, at the time of instituting the action or at any time during its progress, file an affidavit in the action, that the defendant is a nonresident of the state * * * a summons shall be issued as in other cases, and service

shall be made by publication * * *." Sec. 21-306, supra.

We have found no case holding that service by publication, under the circumstances here, valid against direct attack. Indeed, the authorities are divided as to whether such service will support a judgment upon collateral attack. Anno. 25 A.L.R. 1258. We content ourselves by citing with approval from the opinion of the late Justice Ross, in Lown v. Miranda, 34 Ariz. 32, 267 P. 418, 419. "Precedent to the right to have constructive service under this statute, the existence of certain facts must be shown, and 'hence the fact and the mode of establishing it is jurisdictional.' McCracken v. Flanagan, 127 N.Y. 493, 28 N.E. 385, 24 Am.St.Rep. 481."

 The trial court erred in denying the motion to set aside the default and to quash the writ of assistance.

Sec. 21-1309, A.C.A.1939, provides: "When judgment has been rendered on service by publication, and the defendant has not appeared, a new trial may be granted, upon the application of the defendant, for good cause shown by affidavit, made within one (1) year after rendition of such judgment. * * *"

 Even if we were to assume that the service was valid, the defendant would have been entitled to have the judgment set aside, if the tendered answer presents a meritorious defense. Where service is had by publication, and the defendant appears

within one year after entry of judgment and presents a meritorious defense, the court's refusal to vacate the judgment is an abuse of discretion, constituting reversible error. Southwest Metals Co. v. Snedaker, supra; Gordon v. Gordon, 35 Ariz. 532, 281 P. 215; Lockwood v. Lockwood, 19 Ariz. 215, 168 P. 501; Collins v. Streitz, supra. Was a meritorious defense presented?

In considering whether a meritorious defense was presented, the allegations of the answer and cross-complaint are deemed to be true. Briefly, defendant's case rests on the fact that she was entitled to an exemption and that she made such claim seasonably, presenting the correct data to the assessor, and signed an affidavit prepared by the proper official, which she had a right to assume correctly stated her claim. She could neither read nor write. Through error on the part of the official, her claim was not shown on the tax record, and though the property was in fact exempt, it was mistakenly taxed, and later sold, without her knowledge.

The right to a widow's exemption is granted by the Constitution of Arizona. Art. 9, sec. 2. Neither the legislative, the executive, nor judicial departments have the power to deprive a widow of such right. Nor may the right of exemption be denied through any action of an administrative board or officer. One entitled to an exemption may waive such a right, but there is nothing to indicate that defendant waived or intended to waive her right. She made seasonable claim and presented to the officer a correct description of the property for which she claimed exemption.

In Calhoun v. Flynn, 37 Ariz. 62, 289 P. 157, 159, the right of exemption is fully discussed. There the taxpayer had failed to make proof before the assessor, by affidavit, as required by Chap. 91, Laws 1929, now Art. 3, chap. 73, A.C.A. 1939. This act provides that a failure to make such proof "shall be deemed and treated as a waiver of such exemption by such person." Now sec. 73-304, A.C.A. 1939. The court held that the failure of the taxpayer entitled to the exemption to make proof before the assessor "was not a waiver of the exemption, and legislation attempting to make it a waiver is ineffective." Under these circumstances, the taxpayer entitled to an exemption had the right to make payment and recover, under sec. 3136, R.C. 1928, now sec. 73-841, A.C.A. 1939, upon the ground that the tax imposed was invalid.

Here, however, as we have pointed out, the defendant fully complied with the statute by appearing before the county assessor and giving all information required, as provided in sections 73-303 and 73-304, supra. She made her claim for exemption. She signed the necessary affidavit and furnished the evidence required by the law. The failure of the assessor to designate the property correctly is no more binding on her than in a case where a taxpayer

properly pays his taxes, but through error of the collector it is not credited against the tax on his property. In such case a sale of the property is void. Lohr v. Curley, 27 Idaho 739, 152 P. 185; Nickum v. Danvers, 28 Or. 322, 42 P. 130; Gilkey & Anson Co. v. Doolittle, 161 Wis. 163, 152 N.W. 899; Bryan v. McGurk, 200 N.Y. 332, 93 N.E. 989; 61 C.J. 970, sec. 1251, and 1120, sec. 1522, Taxation.

It is the general rule except where enforcement of delinquent taxes is by judicial decree, and in the absence of curative statutes providing otherwise, that if taxes on property have in fact been paid prior to sale, the tax proceedings are null and void, and confer no title upon the purchaser. Anno. 26 A.L.R. 622. One who has in fact paid his taxes prior to a sale may maintain an equitable action to set aside and cancel "the void sale and deed as a cloud on his title." Anno. 26 A.L.R. 629.

It seems to be settled that where property exempt from taxation is assessed, a sale for nonpayment of the tax will pass no title. 51 Am.Jur. 894, sec. 1023, Taxation. The following statement from 51 Am. Jur. 505, sec. 497, Taxation, succinctly gives the rule: "In general, any tax levied against exempt property is one levied for an unauthorized purpose, and any state, county, or city general tax upon any property exempt from taxation is void." These rules are subject to certain qualifications upon which we will comment later.

In the absence of statutes to the contrary, it would appear that when a taxpayer once pays his taxes, and through error of the assessing or collecting officer it is not credited properly so that an apparent lien therefor still exists on the tax roll, he is not again required to pay the amount charged against him before he can question the validity of the charge. His first payment is a full requirement of the statutory provision which requires payment of the contested tax before an action can be brought to test its validity. Likewise, when a widower or other person exempt appears before the official and makes the proper proof, this is equivalent to the payment of the tax since it satisfies the statutory record lien which would otherwise be shown. It follows that the party entitled to exemption which was not properly placed of record because of the mistake of the officer, is not required to pay the tax as a predicate to test its validity. One payment or satisfaction only is required. Anno. 26 A.L.R. 630. In Crane Co. v. Arizona State Tax Comm., 63 Ariz. 426, 163 P.2d 656, we called attention to the fact that unless a tax has been imposed by law, the provisions of sec. 73-841, supra, requiring the payment of taxes under protest as a predicate to test the validity of the claimed tax, need not be followed.

What we have already said is subject to two general rules which are applied in connection with tax cases. The first of these is that a tax title cannot ordinarily be assailed collaterally. We quote

from 61 C.J. 1400, sec. 1983, Taxation, "It is a general rule that a tax title cannot be assailed collaterally, but must be attacked, if at all, in a direct action, but it has been held that collateral attack may be allowed on the ground that the taxes have in fact been paid, or that the land was not assessable."

■ The second rule is that where the curative features of the statute are generally to the effect that no claims or defenses can be presented against a tax title unless interposed within the time provided by the law pertaining to the issuance of the deed, the tax title is unassailable. Under such statutes, the apparent weight of authority is that prior payment "merely constitutes a defense to the enforcement or confirmation proceeding, and consequently that neither a judgment of sale nor a decree confirming the sale can be collaterally attacked upon the ground that the prior payment rendered the sale ineffectual to pass the title, at least in the absence of fraud in the procurement of the judgment." 51 Am.Jur. 929, sec. 1067, Taxation; 26 A.L.R. 632 et seq. It will be noted that this rule is applied where the tax sale has been made or confirmed under judicial proceeding. While there is respectable authority to the contrary (Sanborn v. Lewis and Clark County, 113 Mont. 1, 120 P.2d 567), we think the same rule should be applied where a treasurer's deed is issued under the provisions of sections 73-835 to 73-837, inclusive. If, however, the curative acts by express terms or by necessary implication except from their provisions sales made where the taxes have actually been paid prior to sale, or the property is exempt, they do not apply. If a sale is made of property not subject to the tax, or if the taxes have been paid, the sale may be attacked collaterally. 51 Am. Jur. 928, sec. 1067, Id.; 26 A.L.R. 626.

■ This brings us to a consideration of the curative features of our law. Do they directly or by necessary implication except from their provisions property sold under the circumstances existing here? The law is found in Art. 8, chap. 73, under the heading "Collection of Delinquent Taxes", sections 73-801 to 73-843, inclusive. An examination of the various sections discloses that only unpaid taxes shall be considered as delinquent. Thus, in 73-801, it is said, "Taxes upon real estate, if unpaid, shall become delinquent * * *." This runs all through the chapter. In 73-811, providing that when real property is offered for sale "for delinquent taxes as herein provided," it shall be sold for "taxes, * * * and charges then due thereon." Where property has been sold for such unpaid and delinquent taxes, the owner (etc.) has three years to redeem from date of sale, or at any time before the execution of the treasurer's deed to the purchaser. Sec. 73-823, A.C.A. 1939. Sec. 73-830, A.C.A.1939, clearly indicates that when property is sold "on which no tax was due at the time" there is no obligation on the owner to redeem. We quote the section: *"Property sold through mistake or*

*misconduct.*—When by mistake or wrongful act of the county treasurer, recorder or assessor, or from double assessment, real property has been sold on which no tax was due at the time, the county treasurer shall hold the purchaser harmless by paying him the amount of the principal and interest at the rate of eight (8) per cent per annum, and the treasurer, recorder, or assessor, as the case may be, and the sureties of any such officer on his official bond, shall be liable to the county for sales made through his mistake or misconduct."

Sections 73-831 to 73-834, A.C.A. 1939, provide for the foreclosure of right to redeem after the expiration of three years from date of sale. This is effected by the ordinary civil action. In such action "Judgment shall be entered forever foreclosing the rights of the defendants to redeem from such sale, * * * and after the entry of such judgment the parties whose rights to redeem are foreclosed therein, shall have no further right, title or interest in such real property, * * *." Sec. 73-832, supra. It will be observed that under these provisions only the defendants, parties to the action, are barred from the right of redemption.

In lieu of the foreclosure provided by the foregoing section, the purchaser at the tax sale may at the expiration of five years from date of sale "for delinquent taxes", if there has been no redemption, receive a treasurer's deed. Sec. 73-835. This deed is issued upon demand of the purchaser,

and upon thirty days notice by publication. Sec. 73-836. If there is no redemption before the date specified in the notice, the deed shall be issued "and on the delivery of such deed the rights of all persons to redeem, whether named in such notice or not, shall forever cease. * * *" Sec. 73-837, A.C.A. 1939.

It is our view that this case is governed by section 73-830, supra, and that under the circumstances the defendant has the right to attack collaterally plaintiff's tax title. She is not bound by the provisions of the law requiring the owner to redeem before the treasurer's deed is issued. We think, taking all the provisions of the statute into consideration, and particularly sec. 73-830, that it was the legislative intent that a treasurer's deed would not be final where based upon a sale of property exempt from taxes upon which exemption claim had been made seasonably, but through mistake of the official not properly entered. The defendant here does not seek to redeem. She has nothing from which to redeem. She stands in exactly the same position as the taxpayer who has paid the taxes. Her exemption claim as made, if true, is tantamount to payment and relieved the property from the lien of the taxes. Any other conclusion under the facts in this case would be unconscionable.

The judgment is reversed and the cause remanded with directions to the trial court to set aside the judgment and allow defend-

ant to answer, and for further proceedings not inconsistent with this opinion.

STANFORD, C. J., and LaPRADE, J., concurring.