225 P.2d 486

**CLARK v. CLARK.**

No. 5238.

Supreme Court of Arizona.

Dec. 14, 1950.

Fred C. Struckmeyer, Jr., of Phoenix, for appellant.

Ralph Barry, of Phoenix, for appellee.

DE CONCINI, Justice.

Appellee, Isaac Mason Clark, hereinafter called plaintiff, and appellant, Dora F. Clark, hereinafter called defendant, were both in the military service at the time of their marriage on December 26, 1944 in New York City. The parties lived together week-ends until the 21st day of January, 1945, a period of almost 4 weeks, at which time husband and wife parted and have since never lived together. Subsequently, apparently the latter part of 1945 or early in 1946, plaintiff was transferred to Williams Air Force Base, Arizona. He commenced this action for divorce on March 9, 1948 in the Superior Court of Maricopa County, Arizona, alleging wilful desertion at Trenton, New Jersey, by the defendant on January 21, 1945 and continuing for the

term of one year next preceding the commencement of this action.

Service of summons was by publication based on an affidavit of defendant's non-residence. Summons and complaint were mailed to defendant but they were returned undelivered. Upon her failure to appear, default was duly entered. The cause was heard and judgment decreeing dissolution of the matrimonial bonds entered on May 15, 1948.

Approximately 7 months after entry of judgment and after plaintiff had been transferred to duty on Guam in the Marianas Islands, the defendant, appearing for the first time on the 8th day of December 1948, moved the court to set aside the judgment and for a new trial pursuant to section 21-1309, A.C.A. 1939, which provides in part as follows: "When judgment has been rendered on service by publication, and the defendant has not appeared, a new trial may be granted, upon the application of the defendant, for good cause shown by affidavit, made within one (1) year after rendition of such judgment. * * *"

Defendant filed an affidavit meeting the requirements of the above statute by denying the charge of desertion stating, " * * * that affiant has always been and is now willing to live with plaintiff as husband and wife, and has not in the past and does not now refuse to so cohabit with him, and at no time since the inception of their marriage has affiant deserted the plaintiff."

Oral arguments on this motion for new trial were heard and the motion denied on the same day, February 21, 1949.

The denial of this motion forms the basis of defendant's first assignment of error, it being contended that the trial court thereby committed an abuse of judicial discretion in that good cause was shown by affidavit and defendant was entitled to establish her defense by evidence.

We are of the opinion that the trial court did abuse its discretion by not granting defendant a new trial upon her showing. Evans v. Hallas, 64 Ariz. 142, 167 P.2d 94; Southwest Metals Co. v. Snedaker, 59 Ariz. 374, 129 P.2d 314; Collins v. Streitz, 47 Ariz. 146, 54 P.2d 264.

The second assignment of error is that plaintiff in his action failed to establish the elements of desertion. The third assignment, related to the second, is that there is no corroboration concerning plaintiff's testimony of desertion as required by section 27-804, A.C.A. 1939.

The defendant is right in both assertions. The only evidence of desertion was by the plaintiff himself. He testified that they parted company January 21, 1945 and never lived together since. Also that the Base Chaplain told him that the defendant wrote the chaplain that she didn't want to be bothered with the plaintiff. However, her letter was not produced nor did the chaplain testify. Two other witnesses testified that during the time they

knew plaintiff, which was over a year, no one ever saw the defendant with the plaintiff, nor did plaintiff have a wife with him. There is no evidence of wilful desertion nor corroboration of plaintiff's evidence.

The fourth assignment of error is that plaintiff failed to prove his residence in Arizona for one year to entitle him to maintain an action for divorce and the last assignment is that there is no corroboration as to plaintiff's residence in Arizona.

In order to maintain an action for divorce in Arizona, a party must comply with the residential requirements of section 27-803, A.C.A. 1939, which provides for 1 year's residence in the state and 6 months in the county next preceding the filing of a complaint for divorce. Under Art. 7, Arizona Constitution, Suffrage and Elections, we find the following:

"§ 3. (Residence.)—For the purpose of voting, no person shall be deemed to have gained or lost a residence by reason of his presence or absence while employed in the service of the United States, or while a student at any institution of learning, or while kept at any almshouse or other asylum at public expense, or while confined in any public jail or prison.

\*   \*   \*   \*   \*   \*

"§ 6. (Residence of soldiers and sailors.)—No soldier, seaman, or marine, in the army or navy of the United States shall be deemed a resident of this state in consequence of his being stationed at any military or naval place within this state."

The first question we must answer is whether a person in the military service of the United States can acquire a residence in Arizona to qualify under section 27-803, supra, for the purpose of securing a divorce.

While sections 3 and 6 of the constitution quoted supra are under Art. 7, entitled "Suffrage and Elections," yet they must govern domicil for all purposes. "No general principle in the law of domicil is more firmly established than the basic rule that every person has at all times one domicil, and that no person has more than one domicil at a time." 17 Am.Jur., Domicil, sec. 4. We are of the opinion that the plaintiff could and did acquire a domicil in Arizona.

Of course, his mere presence in the state while in the military service for a period of one year would not ipso facto make Arizona his domicil. In order that a person may become a domiciliary of the state he must have the necessary intention to make a home here and perform some act to carry out such intention. A man's intention is a matter of fact and may be proved as such for as the Rhode Island court once phrased it, "The state of a man's mind at a given time is as much a fact as is the state of his digestion." Swift v. Rounds, 35 A. 45, 46, 19 R.I. 527, 33 L.R.A. 561, 61 Am.St.Rep. 791.

The constitutions of California (Art. 2, Sec. 4), Idaho (Art. 6, Sec. 5) and Oregon (Art. 2, Sec. 5) while not word for word like our constitution, yet they do prohibit one from acquiring a domicil within their respective jurisdictions by mere residence while in the service of the United States as an employee, or in the armed forces, or by residence at schools, almshouses, jails, etc. Oregon, however, has a more restrictive provision than Arizona, California or Idaho in that it provides a specific prohibition in regard to voting, to wit: " * * * nor shall any such soldier, seaman, or marine have the right to vote." Nevertheless, these foreign states have interpreted their constitutions to mean that such a person may acquire a residence if he has the intent and manifests it in some manner. Stewart v. Kyser, 105 Cal. 459, 39 P. 19; Hawkins v. Winstead, 65 Idaho 12, 138 P.2d 972; Darragh v. Bird, 3 Or. 229. In the Oregon case the person was not in the armed service of the United States, but was in the employ of the United States.

While there may be some authority to the contrary, yet we think the better rule is that a domicil may be acquired by persons mentioned in sections 3 and 6, Art. 7 of the Arizona Constitution if they have the necessary intent which is evidenced in some outward manner sufficient to satisfy the trier of facts that the person in truth and in fact is a bona fide resident.

 We believe the plaintiff acquired a residence in Arizona which qualified him under section 27-803, supra, even though in the armed forces at the time. The evidence proved his intent which was manifested by his residence with his foster mother at Tempe when he was off the army base. We further hold that his residence was sufficiently corroborated by other witnesses.

The court below should have set aside plaintiff's judgment and granted defendant a new trial for the other reasons stated herein.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concurring.