[Civil No. 1071.   Filed March 20, 1909.]

[100 Pac. 453.]

THE GIBSON ABSTRACT COMPANY, a Corporation, Plaintiff and Appellant, v. COCHISE COUNTY, a Corporation, Defendant and Appellee.

1. TAXATION—TAXES PAID—RECOVERY.—Where plaintiff paid taxes on personal property without protest at the rate of a previous year before the rate for the current year had been ascertained, instead of giving bond to save its property from seizure as authorized by statute, the payment was voluntary, and plaintiff could not recover the difference between the taxes paid and the amount chargeable to it at the current rate as subsequently fixed.

2. TAXATION—COLLECTION OF TAXES—EFFECT.—Civil Code 1901, paragraph 3859, provides that the county assessor when he assesses the property of any person or company or corporation who does not own real estate within the county of sufficient value in the assessor's judgment to pay taxes on both real and personal property shall proceed immediately to collect taxes on the personal property so assessed at the rate of the previous year. Held, that, where an assessor collects taxes on personal property as authorized by such section, the county has no further claim against the owner, and cannot collect any additional amount in case the current rate is higher.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Frederick S. Nave, Judge. Affirmed.

The facts are stated in the opinion.

O. Gibson, for Appellant.

Cunningham, Ellerbe & Riggs, for Appellee.

DOAN, J.—The appellant brought an action in the district court of Cochise county. The complaint alleged that the plaintiff and its assignors paid to the assessor of Cochise county the taxes due upon their several properties calculated on the valuation placed upon such property in the year 1907 at the tax rate of 1906, which was $2.65 on each $100 of valuation; that they were induced so to do by the demand of immediate payment made by the assessor and the information from such assessor that, unless such taxes were paid immediately, he would proceed to collect the same by seizure and sale of sufficient property to pay such taxes; that the tax rate afterward fixed for 1907 was $2 for each $100 of valuation; that the plaintiff and its assignors duly presented to the board of supervisors their claims for the difference, and their demands were disallowed. Judgment was rendered for the defendant on the order of the lower court sustaining a general demurrer to the complaint. Therefore the only question presented in this appeal is the sufficiency of the complaint.

The payments alleged in the complaint were made in each instance without protest, and would for that reason not constitute a claim against the county that would sustain the demand. Cooley on Taxation, p. 1495. The complaint, therefore, fails to state a cause of action, and was obnoxious to a general demurrer. The theory upon which the appellant prosecutes this appeal is that the transaction is not closed by the payment of the taxes, and the receipt thereof by the assessor, but remains open to be adjusted after the tax levy for the current year has been made. That theory is neither tenable nor contemplated by the statute. Part of paragraph 3859, Civil Code of 1901, that refers to this transaction, reads as follows: "The county assessor of the several counties of this territory, when he assesses the property of any person or persons, company or corporation liable for taxation who do not own real estate within the county of sufficient value in the assessor's judgment to pay taxes on both his, her or their real and personal property . . . shall proceed immediately to collect the taxes on the personal property so assessed. The assessor shall be governed as to the amount of taxes to be by him collected on the aforesaid personal property by the territorial and county rate of the previous year." This makes a special provision for the collection of the taxes on personal

property under those circumstances, and when the assessor collects the taxes on personal property as authorized by statute, and the taxes are governed by the tax rate of the previous year, the county has no further claim against the owner of that personal property, and cannot collect any additional amount in case the levy for the current year should be at a higher rate.

There is a further provision relative to the seizure and sale of property that contains a proviso reading: "Provided that if the owner of the property seized shall give bond with sufficient security, to be approved by the assessor, and in an amount sufficient to cover the amount of the taxes due, and the costs incident to the seizure, the said property shall be released to him, and for these services the assessor shall be allowed a fee of six dollars and the same mileage as allowed by law to the sheriff of the county." Under this latter proviso the case of *Curry et al.* v. *Gila County*, 6 Ariz. 48, 53 Pac. 4, came before this court. In that case, instead of paying the taxes, Curry, with certain sureties, gave to the collector a bond conditioned as follows: "The said M. E. Curry shall well and truly pay all sums due for taxes or to become due on said personal property so listed and assessed for the year 1895 to the tax collector of Gila county, Territory of Arizona, when the same shall be payable as prescribed by law, and before they become delinquent . . . or, failing to pay the same, action may be immediately commenced upon this bond for the collection of said taxes." The rate of taxation for the year 1895 was higher than the rate for 1894, and, after the fixing of the rate for 1895, Curry tendered to the tax collector the amount of taxes that would be due on his property calculated at the rate of the previous year. This tender was refused, and, on failure of Curry to pay the taxes, suit was brought on the bond, and this court held that the statute saying, "the assessor shall be governed as to the amount of taxes to be by him collected on the aforesaid personal property by the territorial and county rate of the previous year," meant only what it said. In other words, that, when the assessor made a collection, he should be governed as to the amount of taxes to be by him collected by the rate of the previous year. This seemed to the legislators to be necessary, for the reason that the time when such collection could be made by the assessor

must of necessity be before the rate for the current year would be known, but the only instances in which the rate of the previous year is a basis of calculation are those in which the assessor collects the taxes. The bond sued on in the Curry case, as above quoted, shows the direct obligation on the part of the principal and sureties to pay all sums due for taxes, or to become due, on said personal property for the year 1895 and the collection was, therefore, enforced for that amount. If, in the case at bar, the appellant and its assignors had given bond, they could have had the benefit of the rate for the current year, instead of paying on the rate of the previous year. The cost and additional emoluments going to the assessor are given as a reason why they did not do so; but, if that law is valid, it is a hardship imposed upon them by that law, and, our duties not being those of legislation, they cannot be relieved in this court from the compliance with a valid law, however drastic. If the enforcement of that law would be in violation of their rights as accorded them by the constitution, and it was therefore null and void, they cannot expect relief from a payment made by them without protest, even if induced by a threat to inflict upon them the penalties of a void law, because the party threatening would, by reason of the invalidity of the law, be powerless to execute such threat. The constitutionality of the statute, even if it were not conceded by the appellant, is not before us for determination upon the record, and we may not therefore here hold it unconstitutional.

The order of the court sustaining the general demurrer to the complaint being the only error assigned, the judgment of the lower court is affirmed.

KENT, C. J., and SLOAN, J., concur. CAMPBELL, J., concurs in the result.