[Civil No. 1675.    Filed April 16, 1919.]

[179 Pac. 959.]

## ARIZONA EASTERN RAILROAD COMPANY, a Corporation, Appellant, v. GRAHAM COUNTY, Appellee.

1. TAXATION—VOLUNTARY OVERPAYMENT—RECOVERY.—A taxpayer cannot recover from the county an overpayment of taxes voluntarily made.

2. TAXATION—RECOVERY OF ILLEGAL OR EXCESSIVE TAXES—PAYMENT UNDER PROTEST.—As a condition precedent to recovery from a county of illegal or excessive taxes paid, under paragraph 4887, Civil Code of Arizona of 1913, taxes must be paid, under written protest setting forth reasons of protest, and as condition to recovery in action referred to in paragraph 4939, payment of tax must be made before action is commenced, and when made it must clearly appear payment is not voluntary, but under protest, expressly to commence action to test legality of tax.

3. TAXATION—RECOVERY OF ILLEGAL OR EXCESSIVE TAXES—INTERPOSITION DURING TAX PROCEDURE.—Proceeding to recover illegal taxes under Civil Code of Arizona of 1913, paragraph 4887, can be interposed only at such state of the taxing procedure that the determination of the court may become effective as a part of such procedure, as indicated by provision that the decision shall be in writing, and a copy delivered to board of supervisors, who shall correct assessment-roll.

4. TAXATION—RECOVERY OF ILLEGAL OR EXCESSIVE TAXES—STATUTORY ACTION—TIME.—Cause of action to recover illegal or excessive tax authorized by Civil Code of Arizona of 1913, paragraph 4939, cannot arise until assessment has been made and equalized, and a levy made on the basis of the equalized value of property subject to taxation.

XX Ariz.—17

5. TAXATION—RECOVERY OF ILLEGAL TAXES—CHARACTER OF JUDGMENT
   —STATUTE.—In case taxpayer recovers judgment for illegal and ex-
   cessive taxes in either a special proceeding under Civil Code of
   Arizona of 1913, paragraph 4887, or in an action under paragraph
   4939, judgment must be for the amount of the taxes which the courts
   determine to be excessive, with interest thereon at the rate of six
   per cent from the time of payment, and costs.

6. TAXATION—ILLEGAL AND EXCESSIVE TAX—ACTION TO RECOVER—
   FILING OF DEMAND AS CONDITION PRECEDENT.—One who has paid an
   illegal and excessive tax under protest is not required to file within
   six months thereafter a verified demand for the excess payment with
   the board of supervisors of the county as required by Civil Code of
   Arizona of 1913, paragraph 2434, as a condition to bringing suit
   against the county pursuant to paragraphs 4887 or 4939 to recover
   the excessive payment.

   [As to general scope and effect of statutes authorizing recovery of
   taxes paid, see note in 94 Am. St. Rep. 439.]

APPEAL from a judgment of the Superior Court of the
county of Graham.   A. G. McAlister, Judge.   Reversed and
remanded, with instructions.

Mr. Charles L. Rawlins, for Appellant.

Mr. W. R. Chambers, for Appellee.

CUNNINGHAM, C. J.—Quoting from appellee's brief, we
find the statement of the question presented for decision on
this record:

"Must one who has paid an illegal tax under protest file
within six months thereafter a verified demand with the board
of supervisors as required by paragraph 2434, R. S. A. 1913,
Civil Code, as a condition precedent to bringing suit against
the county?"·

Our answer is "No," for the reasons following.   In order
to contest the validity of the equalized assessed valuation of
property for taxation, the taxpayer is required to pay the tax,
under protest, and whenever the tax has been paid, he may
commence and maintain an action to contest the matter, as
provided by paragraph 4887, Revised Statutes of Arizona of
1913.   In such proceeding:

"If it be determined by the court that the amount of such
assessment is excessive, judgment shall be rendered in favor
of the appellant and against the county for the amount of

taxes which the court determines to be excessive, with interest thereon at the rate of six per cent. per annum from the time of such payment, and the costs of the appeal, which shall be paid as other judgments against the county." Paragraph 4887, *supra*.

If the tax is based upon an invalid law and is about to be collected, then the taxpayer must first pay the tax and bring his action as provided by paragraph 4939, Revised Statutes of Arizona of 1913.

In the first-mentioned instance, the taxpayer, before he can commence and prosecute the proceeding referred to in paragraph 4887, is required to pay the full amount of the tax assessed and levied, and he is expressly required to pay the said amount, including the alleged excess, under written protest, "setting forth the reasons why the" taxpayer "making such payment deems the amount of such assessment erroneous or excessive." In the other case, if he proceeds under paragraph 4939 at the time of payment of taxes upon the ground that the tax levy is based upon some provision of law deemed by the taxpayer as invalid, he is prohibited from commencing any such action for such purpose, "unless the amount of such taxes shall first have been paid to the county treasurer, whose duty it is to collect the same, together with all penalties thereon, as in the case of other taxes; . . . but after payment, action may be maintained to recover any tax illegally collected, in such manner and at such time as may, now or hereafter, be provided by law."

This statute does not expressly require the taxpayer to protest at the time of his payment as a condition precedent to the maintenance of his action under said paragraph 4939, but, in order to remove such payments of taxes from the category of voluntary payments to the county, the taxpayer must, in some manner, unequivocally make known his purpose of paying the excess is to permit him to contest the legality of the excess in court. Otherwise his payment would be deemed voluntary, and no recovery could be had against the county. *Gibson Abstract Co.* v. *Cochise County*, 12 Ariz. 158, 100 Pac. 453.

It follows that, as a condition precedent to maintaining the proceeding contemplated by paragraph 4887, the taxes must be paid, and the payment made must be made under written protest, setting forth the reasons of the protest, and as a con-

dition precedent to a recovery in the action referred to in paragraph 4939 the payment of the tax must be made before the action is commenced, and when made, it must clearly appear as a fact that the payment was not a voluntary payment, but one made under protest for the express purpose of commencing an action to test the legality of the tax. The first-mentioned proceeding can be interposed only at such state of the taxing procedure that the determination of the court may become effective as a part of such procedure, as is indicated by the following language found in paragraph 4887, viz.:

"The decision of the court shall be in writing, and a certified copy thereof shall be delivered to the board of supervisors, who shall cause the assessment roll to be corrected accordingly."

The action authorized by paragraph 4939 cannot arise until the assessment has been made and equalized, and a levy made on the basis of the equalized valuation of property subject to taxation. In case the plaintiff recovers judgment in either the special proceedings under paragraph 4887 or the action under paragraph 4939, the judgment must be for "the amount of the taxes which the court determines to be excessive, with interest thereon at the rate of six per cent per annum from the time of such payment, and the costs, . . . which shall be paid as other judgments against the county." See paragraphs 4887 and 4939.

Hence the claim that taxes are excessive is not a demand against the county in the sense the words "claim" and "demand" are used in paragraph 2434, Revised Statutes of Arizona of 1913. The claim is one which must be reduced to judgment in the courts before presented to the board of supervisors. Whenever the courts have considered and determined the controversy arising under either provision of the law, the decision reached must be in writing and certified to the board of supervisors for satisfaction. The law does not require a futile thing, hence the taxpayer successful in a proceeding to recover excessive tax money is not required to file both an itemized account for audit by the board of supervisors and also a certified judgment against the county determining the same matter. One course in its proper sphere is sufficient. Judgments regularly entered on issues joined

are county charges, made such expressly by paragraph 2390, Revised Statutes of Arizona of 1913.

It follows that the court erred in sustaining the demurrer interposed on the ground that the complaint fails to show upon its face that the plaintiff before commencing its action failed to present such account within the time required by paragraph 2434, Revised Statutes of Arizona of 1913. The complaint was not subject to the demurrer on the grounds asserted.

The judgment is reversed and the cause remanded, with instructions to overrule the demurrer and take such further proceedings as the law requires.

ROSS and BAKER, JJ., concur.