[Civil No. 2915.  Filed June 23, 1930.]

[289 Pac. 157.]

JOHN D. CALHOUN, as Treasurer of the County of Maricopa, State of Arizona, Appellant, v. C. P. FLYNN, Appellee.

Mr. Henry J. Sullivan, Mr. Austin O'Brien and Mr. William C. Eliot, for Appellant.

Messrs. Struckmeyer & Jennings, for Appellee.

ROSS, J.—This is an action in *mandamus* to compel the county treasurer of Maricopa county to accept proof of, and to allow to the plaintiff, Flynn, a tax exemption claimed by him under the law.

Section 2 of article 9 of the state Constitution, concerning tax exemptions, was amended in 1928 by adding thereto the following provisions:

"There shall be further exempt from taxation the property of widows, honorably discharged soldiers, sailors, United States Marines, members of revenue marine service, and army nurses, residents of this state, not exceeding the amount of two thousand dollars, where the total assessment of such widow and such other persons named herein does not exceed five thousand dollars; provided, that no such exemption shall be made for such persons other than widows unless they shall have served at least sixty days in the military or naval service of the United States during the time of war, and shall have been residents of this State prior to January 1, 1927. . . . This section shall be self-executing."

This amendment was approved by a popular vote at the November, 1928, election, and became effective by proclamation of the Governor on November 28,

1928. Thereupon this exemption was available to those for whom it was intended during the tax year of 1929. The legislature, at its first session after the adoption of the above amendment, on March 19, 1929, enacted chapter 91, Laws of that year, "providing for the procedure for tax exemption under section 2, Article IX of the Constitution. . . . " Under this act applicants for exemption on account of military or naval service are required to submit proof of their right to the exemption to the county assessor some time between the first Monday of January and the first Monday of July of each year, and a failure to so make proof, it is provided, "shall be deemed and treated as a waiver of such exemption by such person." Section 4.

The plaintiff, Flynn, did not make the proof of his claim of exemption before the assessor during the time designated by the legislature, or at all. He ignored such regulations, and in October of 1929 filed this petition in *mandamus* to compel the county treasurer and *ex-officio* tax collector of Maricopa county to accept his proof of right to exemption and to allow such exemption. The averments of his complaint show that plaintiff possessed all the qualifications entitling him to such exemption, such as the required military service, honorable discharge, residence on or before January 1, 1927, and that the total assessed valuation of his property was less than five thousand dollars. The general demurrer to the complaint was overruled, and the writ directed to issue. The county treasurer has appealed.

At the time this proceeding was instituted the assessment of the property of the state, together with the tax levy, by the officers designated by the statute to perform those duties, had been made, and the tax-roll of the county of Maricopa had been turned over to the county treasurer with the command "to collect

from the several persons named in said roll . . . the taxes set opposite their respective names, . . . '' and ''the totals of all taxes levied on said roll'' had been charged to the county treasurer. Section 3094, Rev. Code 1928.

We think it can hardly be said the property of plaintiff was improperly placed upon the assessment-roll of the county, or that the assessor was without jurisdiction to assess his property. Indeed, the constitutional amendment plainly contemplates that all property owned by soldiers or sailors or persons in that classification shall be listed and valued, because it speaks of the ''total assessment'' and makes the exemption depend upon such total assessment not exceeding five thousand dollars.

In section 2 of article 9 of the Constitution, as amended, is this language:

''All property in the State not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law.''

Section 3074 of the Revised Code of 1928 makes it the duty of the county assessor (except as otherwise required of the state tax commission) to ascertain all property in his county subject to taxation, the names of the persons owning, claiming or having possession or control thereof; to determine its full cash value and then list and assess the same to the person owning, claiming or having the possession, charge or control thereof. The name of the owner of property in some cases may be notice to the assessor that it is exempt from taxation, as where the owner is the United States, or the state, or a county, or a municipality, or an educational, religious or eleemosynary institution, but there is nothing in the name of an individual owner of property that would

indicate or suggest that he has performed naval or military service for the United States for at least sixty days, or at all, or that he has been honorably discharged from such service, or that his property should not be assessed, or is of a value to warrant an exemption, or that he is a resident of Arizona and has been since on or before January 1, 1927. It is incumbent upon one who would claim the exemption to show by satisfactory proof that he falls within one of the classes named. As is said in one case: "What constitutes an exemption from taxation is a question of law; but whether a particular piece of property is within the exemption or not depends upon the existence or nonexistence of certain facts capable of proof, which, of course, is a matter for the determination of a jury, or trying tribunal performing the functions of a jury. . . . " *In re Swigert* (*People* v. *Illinois Cent. R. Co.*), 119 Ill. 83, 6 N. E. 469, 470.

Here the legislature has in the first instance made the county assessor the trier of the question as to whether the property of claimant for exemption is in fact exempt. It did not empower the county treasurer to pass upon that question. We think the legislature not only had the right to regulate the time and manner in which the claim for exemption should be made, but that the regulations contained in chapter 91, *supra,* were reasonable and adequate; that a person who claims a tax exemption must present his claim, supported by satisfactory proof, to the county assessor between the first Monday in January and the first Monday in July of each year; that when he fails to do so he must then pay his taxes and sue to recover them under section 3136 of the Revised Code of 1928. As to this latter remedy, we shall speak later.

Whatever remedy may be left to the plaintiff after he has failed to exercise the one provided by chapter 91, *supra,* it is clear that *mandamus* will not lie against the county treasurer, because the legislature has nowhere made it the duty of such officer to pass upon or allow tax exemptions. The *mandamus* statute, section 4396 of the Revised Code of 1928, provides that such writ "may be issued . . . to compel the performance of an act which the law specially imposes as a duty resulting from an office, trust or station" and then only when there is no plain, speedy and adequate remedy at law.

The point of requiring by *mandamus* the board of supervisors to do something not prescribed as a duty by law was raised in *Territory* v. *Board of Supervisors,* 9 Ariz. 405, 84 Pac. 519, 521, and the court there, speaking through Mr. Justice SLOAN, said:

"It is true as a general proposition, that *mandamus* will not lie to compel county officers to perform an act, which they are not authorized or required to do by some plain provision of law, and that the office of the writ is not to create duties, but to require the performance of duties already existing."

We have no law making it the duty of the county treasurer to allow claims of tax exemption, and if this duty is imposed upon such officer it will be a creation of the court, as likewise will be the means employed by such officer to obtain credit for such exemption upon the tax-roll with which he is charged.

While the plaintiff failed to follow the procedure outlined in chapter 91, *supra,* we do not think he waived or lost his right to the exemption if in fact he falls within the class of persons intended by the Constitution to have an exemption. The right of exemption is absolute, and no act of the legislature can take it from him. The provision for the exemption, under the conditions and circumstances prescribed, is

mandatory in character and self-executing. His failure to make the proof before the assessor was not a waiver of the exemption, and legislation attempting to make it a waiver is ineffective. Any taxes collected on exempt property would be an illegal tax. Its collection might be enjoined but for the provisions of section 3136, *supra*. That section prescribes plaintiff's remedy and he must follow it. He may pay his taxes and sue to recover them, and in such suit show what he might have shown the assessor during the assessing period; that is, that he is entitled to the exemption by reason of the prescribed military service, honorable discharge, residence, etc. There is no question of such person's right to the exemption; it is a question of remedy. The legislature has fixed the remedy, and the courts are bound thereby. Failing to avail himself of the earlier statutory remedy, he may, after the tax-roll has passed into the hands of the treasurer and *ex-officio* tax collector, invoke the later statutory remedy prescribed by section 3136, *supra*. This may seem unnecessarily burdensome, but if so it has been occasioned by the neglect of the taxpayer to avail himself of the easier and simpler remedy of presenting his claim of exemption to the assessor before the first Monday in July of each year.

The judgment of the lower court is reversed, and the cause remanded, with directions that the demurrer to the complaint be sustained and the action dismissed.

LOCKWOOD, C. J., and McALISTER, J., concur.