[Civil No. 3386. Filed March 21, 1934.]

[30 Pac. (2d) 840.]

LOUISE POTHAST, Executrix of the Estate of ANNA SANDER, Deceased, Appellant, v. MARICOPA COUNTY, a Municipal Corporation, Appellee.

Mr. L. J. Cox, for Appellant.

Mr. Renz L. Jennings, County Attorney, and Mr. M. L. Ollerton, Deputy County Attorney, for Appellee.

ROSS, C. J.—Anna Sander, widow and a resident of Maricopa county, was the owner of two lots and the improvements thereon in Glendale, said county, which were assessed to her by the county assessor for the year 1930 in the sum of $3,090. She was the owner of no other property. She died testate on June 23, 1930, without having made widow's claim to the county assessor or elsewhere for a tax exemption. In due time her executrix paid the taxes on said property, under protest, and now sues to recover an amount equal to the taxes on $2,000. The question is, may executrix recover? The court decided against it, hence this appeal.

The pertinent part of section 2, article 9, of the Constitution, concerning tax exemptions reads as follows:

"There shall be further exempt from taxation the property of widows . . . residents of this state, not exceeding the amount of two thousand dollars, where the total assessment of such widow . . . does not exceed five thousand dollars. . . . "

In *Calhoun* v. *Flynn*, 37 Ariz. 62, 289 Pac. 157, we held that the tax exemption provided for in the Constitution was absolute, and that an honorably discharged soldier, etc., who failed or neglected to claim his exemption during the assessing period (from the first Monday in January to the first Monday in July) could secure the benefits of the exemption by paying

his taxes under protest and thereafter sue to recover them under section 3136, Revised Code of Arizona 1928. But the holding in that case is not determinative of this case because the facts are different.

As is well said by the county attorney, it is the property that is exempt from taxation and not the person who owns the property. The owner of property is not personally liable for taxes under our laws; his property is and may be sold in satisfaction of taxes and tax liens. "There shall be further exempt from taxation the property of widows" is the language of the Constitution. The exemption is an incident to ownership and it is incumbent on any person claiming that his property is exempt to show that his status is that of an honorably discharged soldier, sailor, etc., or if a widow that her total assessment is $5,000 or less, and that she is a resident of the state.

Chapter 91, Laws of 1929, provides the method and time of submitting to the taxing authorities evidence of the right to claim a property exemption. The constitutional provision and chapter 91, *supra,* supplementing it show conclusively that the claim for property tax exemption is a personal one. If Anna Sander at any time after January 1st and before June 23d, the date of her death, had made a claim of exemption and submitted satisfactory evidence to the county assessor of her eligibility to have the exemption, it would have. been the duty of such officer to have deducted from her total assessment the valuation of $2,000 and extend her taxes upon the balance. Or had she lived, under *Calhoun* v. *Flynn, supra,* she could have paid the whole tax and sued to recover the excess. Both these remedies, however, are personal and cannot be invoked by a personal representative. As we have said, the exemption is of the property of a certain designated class or classes of persons, and does not extend to the heirs or devisees of such per-

sons. In this case when the taxes were paid by the executrix the property had passed to Anna Sander's heirs or devisees, persons not entitled to have a property tax exemption.

The appellant cites a number of cases to the effect that the status of the property on January 1, 1930, is determinative of its character for taxation purposes during that year. This proposition may be correct, but inasmuch as the owner had failed to exercise her personal privilege of claiming the exemption, the authorities cited have no application. She of course could waive her right to claim an exemption, and we think she did so.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.