[Civil No. 4138.   Filed December 22, 1939.]

[97 Pac. (2d) 531.]

PIMA COUNTY, a Political Subdivision of the State of Arizona, and W. S. BRANSFORD, as County Treasurer and *Ex-officio* Tax Collector of Pima County, State of Arizona, Appellants, v. HENRY S. WEDDLE, Appellee.

Mr. J. Mercer Johnson, County Attorney, and Mr. Bryce H. Wilson, Deputy County Attorney, for Appellants.

Mr. Alfred Ronstadt, for Appellee.

ROSS, C. J.—Henry S. Weddle commenced this action to recover from Pima County taxes paid on property he claims was exempt by reason of his being a World War veteran from September, 1917, to April, 1919. From a judgment in his favor, the county and its treasurer-*ex officio* tax collector have appealed.

The provision of the Constitution under which he makes such claim reads:

" . . . There shall be further exempt from taxation the property of widows, honorably discharged soldiers, sailors, United States Marines, members of revenue marine service, and army nurses, residents of this state, not exceeding the amount of two thousand dollars, where the total assessment of such widow and such other persons named herein does not exceed five thousand dollars; provided, that no such exemption shall be made for such persons other than widows unless they shall have served at least sixty days in the military or naval service of the United States during time of war, and shall have been residents of this State prior to January 1, 1927. . . . " Section 2, art. IX.

See, also, subdivision 4 of section 3066, Revised Code of 1928.

█ The facts are stipulated and thereunder it appears that plaintiff is entitled to the exemption if his residence was sufficient. In all other respects he falls within the exempted class. The exemption is given only to those property owners within the military or naval classes named, who were residents of the state prior to January 1, 1927. In short, all persons who were not residents of the state on December 31, 1926, or prior thereto (except widows), are excluded from the exemption. Weddle, under the agreed facts, first came to the state to make it his home and was a resident from 1920 to 1926. In 1926 he went East, where he remained until 1932, when he returned and

has since been a resident property owner and tax-payer of Arizona.

The provision of the Constitution exempting the property of veterans and others from taxation was voted by the electorate at the November, 1928, election. This exemption is, by the terms of the Constitution and laws, limited to those persons of the classes named (except widows) who were residents of the state on December 31, 1926, or prior to that date. Weddle's residence in the state both before and after the dead-line fixed in the law qualifies him for the exemption. Continuous residence before, up to and after January 1, 1927, is not essential under the law. In *Calhoun* v. *Flynn*, 37 Ariz. 62, 289 Pac. 157, 158, by way of illus-trating the necessity of a "procedure for tax exemp-tion under section 2, Article IX of the Constitution," as provided by chapter 91, Laws of 1929, we said:

"Section 3074 of the Revised Code of 1928 makes it the duty of the county assessor (except as otherwise required of the state tax commission) to ascertain all property in his county subject to taxation, the names of the persons owning, claiming, or having possession or control thereof; to determine its full cash value and then list and assess the same to the person owning, claiming, or having the possession, charge or control thereof. The name of the owner of property in some cases may be notice to the assessor that it is exempt from taxation, as where the owner is the United States, or the state, or a county, or a municipality, or an edu-cational, religious, or eleemosynary institution, but there is nothing in the name of an individual owner of property that would indicate or suggest that he has performed naval or military service for the United States for at least sixty days, or at all, or that he has been honorably discharged from such service, or that his property should not be assessed, or is of a value to warrant an exemption, *or that he is a resident of Arizona and has been since on or before January 1, 1927. . . .* " (Italics ours in present case.)

■ Pima County, while recognizing that the above statement was *dictum,* relies upon it to defeat plaintiff's claim of exemption. If the italicized phrase in the quotation read ''or that he is a resident of Arizona and was before January 1, 1927,'' it would correctly state the law. When the language in the Calhoun case was used, the question we now have before us was not in issue and what was said, being merely argumentative and in illustration of the need of a procedure to aid the assessor in locating and listing the property of his county, was not a construction of the law and, of course, has no binding force or effect.

We will not enter upon a discussion of the meaning of the word ''residents'' for if we should hold that it, in the context in which it is used, is the equivalent of domicile, we think the facts stipulated show Weddle was a *bona fide* resident of the state before January 1, 1927, and at the time thereafter when he claims the exemption.

■ Notwithstanding plaintiff was entitled to the exemption, it appears that he has waived the right to have it. In the Calhoun case we pointed out that a person entitled to exemption under section 2, article IX of the Constitution could claim it when his property, as provided in chapter 91, Laws of 1929, was assessed, or, failing in that respect, he could pay the taxes after their extension on the tax roll as provided in section 3136, Id., and thereafter sue for their recovery. While we did not say the taxpayer should pay the taxes under protest to become entitled to recover, we think that is the settled law. In *Pothast* v. *Maricopa County,* 43 Ariz. 302, 30 Pac. (2d) 840, we said:

''In *Calhoun* v. *Flynn,* 37 Ariz. 62, 289 Pac. 157, we held that the tax exemption provided for in the Constitution was absolute, and that an honorably dis-

charged soldier, etc., who failed or neglected to claim his exemption during the assessing period (from the first Monday in January to the first Monday in July) could secure the benefits of the exemption by paying his taxes under protest and thereafter sue to recover them under section 3136, R. C. A. 1928. . . . ''

See, also, *Maricopa County* v. *Hodgin,* 46 Ariz. 247, 50 Pac. (2d) 15, 101 A. L. R. 793.

In *Arizona Eastern R. Co.* v. *Graham County,* 20 Ariz. 257, 179 Pac. 959, 960, in discussing paragraph 4939, Revised Statutes of 1913, which in practical form and content is the same as section 3136, *supra,* we said:

''This statute does not expressly require the taxpayer to protest at the time of his payment as a condition precedent to the maintenance of his action under said paragraph 4939, but, in order to remove such payments of taxes from the category of voluntary payments to the county, the taxpayer must, in some manner, unequivocally make known his purpose of paying the excess is to permit him to contest the legality of the excess in court. Otherwise his payment would be deemed voluntary, and no recovery could be had against the county. *Gibson Abstract Co.* v. *Cochise County,* 12 Ariz. 158, 100 Pac. 453.''

Thus we have directly or inferentially held that taxes paid under section 3136, *supra,* without protest could not be recovered.

Plaintiff sues for taxes, so far as the record shows, voluntarily paid the county in the years 1931, 1932, 1933, 1934, 1935, 1936, 1937 and 1938. If these taxes or any of them were paid under protest it is not in evidence by stipulation or otherwise. Plaintiff delayed bringing his action to recover any of the taxes paid by him until March 21, 1939, at which time the court found his demand for return of the taxes for the years 1931, 1932, 1933 and the first half of 1934 was barred by limitation under section 2063, Id.

It appearing that the taxes were paid voluntarily, plaintiff is in no position to ask that they be returned to him.

The judgment of the lower court is reversed and the cause remanded with directions to enter judgment for the defendants.

LOCKWOOD and McALISTER, JJ., concur.