[Civil No. 4383.  Filed September 29, 1941.]

[117 Pac. (2d) 87.]

THE CITY OF PHOENIX, a Municipal Corporation; REED SHUPE, as Mayor of Said City of Phoenix; and M. F. WHARTON, HOUSTON L. WALSH, W. J. R. SIMS and J. R. FLEMING, as Commissioners of Said City of Phoenix; and ROY R. HISLOP, as City Manager of Said City of Phoenix, Appellants, v. THE STATE OF ARIZONA, at the Relation of RICHARD F. HARLESS, County Attorney of Maricopa County, State of Arizona, Appellees.

Mr. Hess Seaman, City Attorney and Mr. William C. Fields, Assistant City Attorney, for Appellants.

Mr. Richard F. Harless, County Attorney and Mr. Leslie C. Hardy, Deputy County Attorney, for Appellees.

LOCKWOOD, C. J.—This is an appeal by the City of Phoenix, called defendant, from a judgment of the superior court in favor of the State of Arizona, called plaintiff, holding that ordinance No. 3081 of said city declaring certain lands annexed to the city is void and

of no effect. The facts are not in dispute and may be stated as follows: In the spring of 1940, a petition, signed by the Phoenix Union High School District, hereinafter referred to as the district, was addressed to the mayor and city commission of defendant, requesting that the southwest quarter of the southeast quarter of section 30, township 2 north, range 3 east, G. & S. R. B. & M., be annexed to the City of Phoenix. This area contains forty acres, of which thirty is owned by the district, and ten by Elizabeth McLellan. On April 23, 1940, ordinance No. 3081 was passed with the emergency clause, and duly recorded on June 10th in the office of the recorder of Maricopa county, and since said time defendant has claimed the land above described was annexed to the City of Phoenix. Section 16–701, Arizona Code 1939, prescribes the procedure for the annexation of property to an incorporated city. It reads as follows:

*"Annexation by petition of property-owners.*—Any city may extend and increase its corporate limits in the manner following: On presentation of a petition in writing, signed by the owners of not less than one-half in value of the property in any territory contiguous to the city, as shown by the last assessment of said property, and not embraced within its limits, the common council of said city may, by ordinance, annex such territory to said city, upon filing and recording a copy of such ordinance, with an accurate map of the territory annexed, certified by the mayor of said city, in the office of the county recorder, in the county where the annexed territory is situated."

It appears, therefore, that it is an indispensable condition precedent that a petition for annexation be signed by "the owners of not less than one-half in value of the property in any territory contiguous to the city, *as shown by the last assessment of said property.*"

It is the claim of defendant that the district falls within the provisions of said section and is authorized to sign the petition for incorporation. It is the position of the State of Arizona, which brought these proceedings in *quo warranto,* as provided by the statute, that since under the Constitution the property of the district is not and cannot be made subject to any form of taxation, state, county or municipal, it cannot legally be assessed and the district is not qualified to sign a petition for annexation. It is admitted that if the district may sign such a petition, the ordinance is valid, but that if it may not, it is void.

It appears that the property owned by the district was in private ownership up to and including 1938, and that up to and including that year it was assessed and taxed in the same manner as any other real property. It is also admitted that since said date it has been placed upon the assessment roll by the county assessor, as is all private real estate, but that it has never since that time paid any taxes and is marked as exempt from taxation on such roll.

What was the intent of the legislature when it adopted section 16–701, *supra?* Did it mean that the owners of property which was not, and could not be, subject to the burden of taxation could petition for annexation, or that such privilege was confined only to the owners of property which appeared upon the tax roll as subject to the ordinary incidents of taxation? We have been cited to no cases precisely in point. Defendant insists that the rule to be applied is set forth in *Shepherd* v. *Board of Supervisors San Joaquin County,* 137 Cal. App. 421, 30 Pac. (2d) 578, 582. In that case, as in this, the question was one of annexation. The situation differed, however, in that under the California law the annexation could be made, unless a protest was filed against it, while with us it requires an affirmative request for annexation before the

city may act. The California statute (2 Deering's Gen. Laws 1931, · Act 5163, sec. 1) in regard to the protest reads as follows:

" 'At the time specified in said notice, or at such other time as may be fixed by postponement, the said board of supervisors shall hear the said protestations, and unless the remonstrances are filed by the owners of more than one-half of the land sought to be annexed, the decision of said board of supervisors upon said protestations shall be final and conclusive. In the event that the owners of more than one-half of the land so sought to be annexed, file remonstrances against such annexation, said protestations shall be sustained by said board of supervisors, and shall be a bar to any further proceedings under the provisions of this act for the period of one year.' "

It will be seen that therein nothing is said as to the value of the property or of its appearance on the assessment roll, and the court held that no distinction existed between public and private owners of land and that the land owned by the city should be considered in determining whether the requisite owners had signed. A somewhat similar rule was followed in the case of *Jarl County* v. *Village of Croton-on-Hudson*, 148 Misc. 153, 265 N. Y. Supp. 271.

It is also urged by defendant that it is the duty of the county assessor in Arizona to enter upon its assessment roll all real estate regardless of its ownership, even though the same be automatically exempt from taxes, and that the custom followed for many years in that respect by the county assessors of the state brings the land of the district within the statute. In the case of *Calhoun* v. *Flynn*, 37 Ariz. 62, 289 Pac. 157, 158, the land involved was claimed by the owner to be exempt because of his military service, under section 2 of article IX of the state Constitution. We said therein:

"We think it can hardly be said the property of plaintiff was improperly placed upon the assessment

roll of the county, or that the assessor was without jurisdiction to assess his property. Indeed, the constitutional amendment plainly contemplates that all property owned by soldiers or sailors or persons in that classification shall be listed and valued, because it speaks of the 'total assessment' and makes the exemption depend upon such total assessment not exceeding $5,000.

"In section 2 of article 9 of the Constitution, as amended, is this language:

" 'All property in the State not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law.'

"Section 3074 of the Revised Code of 1928 makes it the duty of the county assessor (except as otherwise required of the state tax commission) to ascertain all property in his county subject to taxation, the names of the persons owning, claiming, or having possession or control thereof; to determine its full cash value and then list and assess the same to the person owning, claiming, or having the possession, charge, or control thereof. The name of the owner of property in some cases may be notice to the assessor that it is exempt from taxation, as where the owner is the United States, or the state, or a county, or a municipality, or an educational, religious or eleemosynary institution, but there is nothing in the name of an individual owner of property that would indicate or suggest that he has performed naval or military service for the United States for at least sixty days, or at all, or that he has been honorably discharged from such service, or that his property should not be assessed, or is of a value to warrant an exemption, or that he is a resident of Arizona and has been since on or before January 1, 1927. It is incumbent upon one who would claim the exemption to show by satisfactory proof that he falls within one of the classes named. . . . "

While the precise question involved herein was not discussed, we think that case differentiates between land which under the Constitution is exempt under all

circumstances from any form of taxation merely by reason of ownership, and land which may be claimed to be exempt by the owner where certain circumstances, which are not and cannot be known by the assessor in advance, determine whether it be exempt or not, and indicate there is a difference in the duty of the assessor in regard to such lands so far as placing them on the assessment roll is concerned.

██ Our general taxation statutes expressly state it to be the duty of the assessor to place upon the assessment roll only "property in his county subject to taxation" (sec. 73–402, Ariz. Code 1939), and all through the code the references in regard to the duty of the assessor apply to property of this nature only. We think the true meaning of the assessment statutes is that it is only property which is or may under some circumstances be subject to taxation that may properly be made a part of the assessment roll, and that property whose ownership in and of itself exempts it from all taxation has no legal place on such a roll, although it may be that the assessor, for certain purposes not necessarily connected with taxation, has made a memorandum thereof upon the physical roll prepared by him. We think also upon general principles of justice and equity it is not to be presumed that the legislature intended that property which could not bear any of the burdens of annexation should be entitled to be heard upon the question. We had a somewhat analogous, although not similar, situation before us in the case of *City of Phoenix* v. *Wilson,* 39 Ariz. 250, 5 Pac. (2d) 411, 412. In that case the question involved was not one of annexation but of paving assessments, and the point to be decided was whether certain property owned by the city should be considered in determining the total amount of frontage required for a valid protest against such improvement. We said:

"Had the city commission in this case assessed the entire cost of the improvement on the adjoining private property, including therein the amount which would ordinarily be assessed against University Park were it in private hands, as was done in the case of *Armstrong* v. *Ogden* [*City*], *supra* [12 Utah 476, 43 Pac. 119], there can be no question that it would be the height of injustice to hold the frontage of the park should be considered in determining the total frontage of the district, or in effect voted in favor of the improvement. The whole theory of the State Improvement Act is that the majority of those who bear the burden of the improvement may determine whether it shall be incurred. . . . "

But it appeared in that case that the city property involved was, for reasons set forth in the opinion, subject to taxation for such special improvements, and we held that under such circumstances the property owned by the city should be considered. If, in the present case, the property of the district was made subject to the tax burdens caused as a result of annexation, as was true in *City of Phoenix* v. *Wilson, supra,* it might well be held that it should be considered in determining annexation questions, but since under the Constitution it is not and cannot be made subject to these burdens, we think, for the reasons set forth above, the legislature did not intend the property owned by it should be considered in determining whether section 16–701, *supra,* has been complied with.

The judgment of the superior court is affirmed.

McALISTER and ROSS, JJ., concur.