IRENE JACOBS *vs.* MAX JACOBS.

Suffolk.   May 7, 1947. — June 2, 1947.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Deed,* Validity, Acknowledgment, Recording.

A deed, although unacknowledged and unrecorded and delivered subject to an agreement by the grantee not to record it until a mortgage on the premises had been discharged, was effective to pass title to the grantee upon delivery, and precluded the grantor from obtaining against the grantee equitable relief on the alleged ground that the deed was a cloud on the grantor's title.

BILL IN EQUITY, filed in the Superior Court on July 8, 1946.

The suit was heard by *Cabot,* J.

*M. L. Rubin,* (*N. Ostroff* with him,) for the plaintiff.

*D. W. Jacobs,* for the defendant.

LUMMUS, J.   The plaintiff brings this bill to remove from premises in Boston an alleged cloud upon her title consisting of an unacknowledged and unrecorded deed of said premises purporting to be signed by her on April 7, 1944, and to convey them to the defendant.

The case comes here upon findings of fact made by a judge, without a report of the evidence. The judge found that the deed was not a forgery, and was delivered to the grantee. But he found that the delivery was subject to the agreement of the grantee not to record the deed until a certain mortgage on the premises should be discharged, and that said mortgage has not been discharged. From a final decree dismissing the bill, the plaintiff appealed.

. . Neither acknowledgment nor recording is necessary to the validity of a deed as between the parties to it.   G. L.

(Ter. Ed.) c. 183, § 1. *Dole* v. *Thurlow*, 12 Met. 157, 162. *Call* v. *Buttrick*, 4 Cush. 345. *McOuatt* v. *McOuatt*, 320 Mass. 410, 413, 414. Notwithstanding the agreement of the grantee not to record the deed until the mortgage should be discharged, it took effect upon the delivery. The agreement, if a condition at all, was not a condition precedent, and did not operate to prevent the passing of the title. *Fairbanks* v. *Metcalf*, 8 Mass. 230, 238. *Ward* v. *Lewis*, 4 Pick. 518, 520. *Bromley* v. *Mitchell*, 155 Mass. 509, 511, 512. *Howland* v. *Plymouth*, 319 Mass. 321, 324. *Flagg* v. *Mann*, 2 Sumn. 486, Fed. Cas. No. 4847.

Since the delivery of the deed took the title out of the plaintiff, she cannot have relief.

*Final decree affirmed with costs.*