453 P.2d 529

Joel H. BALDWIN, County Assessor of Yavapai County, Arizona, Appellant,

v.

Marvin E. ROHRER, John J. Pruitt and Bert Owens, members of the Board of Supervisors, Yavapai County, Arizona, Appellees.

No. 1 CA–CIV 571.

Court of Appeals of Arizona.

April 29, 1969.

Rehearing Denied June 6, 1969.

Review Granted July 1, 1969.

Cavness, DeRose, Senner & Foster, by John W. Rood, Phoenix, for appellant.

Thelton D. Beck, Yavapai County Atty., Eino M. Jacobson, Prescott, Special Counsel, for appellees.

CAMERON, Judge.

Plaintiffs, being members of the Board of Supervisors of Yavapai County, filed an action for declaratory judgment against the defendant County Assessor of Yavapai County. The case was submitted on an agreed statement of facts which, excluding the caption, reads as follows:

"Pursuant to Rule of Civil Procedure 52(c) [16 A.R.S.], the parties agree that the issue to be determined by the court is whether, as claimed and contended by the defendant under A.R.S. Sections 42–271 and 42–272, an exemption may be granted an honorably discharged veteran otherwise entitled to such exemption, although the property interest of said veteran does not appear of record in the office of the county recorder of Yavapai County or whether, as claimed by the plaintiffs, such veterans are entitled to an exemption from taxation only where the interest of such veteran appears of record in the office of the county recorder of Yavapai County or elsewhere in the records of such county."

Judgment was for the plaintiffs, the judgment reciting:

"That Section 42–271, Arizona Revised Statutes, 1956, subsection 8 thereof, is construed to mean that the property of an honorably discharged veteran complying with the requirements of said statute shall be entitled to an exemption for taxation only where ownership of said property appears of record in the office of the County Recorder of Yavapai County, State of Arizona, or elsewhere in the public records of said county."

 We are therefore called upon to determine whether the County Assessor may, in his discretion, grant a tax exemption to a veteran as to property in which he has no record interest.

Article 9, Section 2 of the Constitution of the State of Arizona, A.R.S. at the time in question read as follows:

" * * *

"Section 2. TAX EXEMPTIONS. * *

"There shall be further exempt from taxation the property of widows, honorably discharged soldiers, sailors, United States marines, members of revenue marine service, nurse corps, or of the components of auxiliaries of any thereof, residents of this state, not exceeding the amount of two thousand dollars, where the total assessment of such widow and such other persons named herein does not exceed $5,000.00; provided, that no such exemption shall be made for such persons other than widows unless they shall have served at least sixty days in the military or naval service of the United States during time of war, and shall have been residents of this state prior to September 1, 1945. All property in the state not exempt under the laws of the United States or under this constitution, or exempt by law under the provisions of this section shall be subject to taxation to be ascertained as provided by law. This section shall be self-executing."

Arizona Revised Statutes, § 42–271 et seq., provide the methods whereby a veteran may receive a tax exemption and even though the constitutional provision is "self-executing" our Supreme Court as well as most other jurisdictions have held that the legislature may make reasonable and adequate regulations detailing the steps necessary for a person to receive the tax exemption to which he is constitutionally entitled. Calhoun v. Flynn, 37 Ariz. 62, 289 P. 157 (1930); State v. Allred, 67 Ariz. 320, 195 P.2d 163, 4 A.L.R.2d 735 (1948). We find nothing, however, in the statute which particularly answers the question before the Court. The statute in question reads as follows:

"The property of widows, honorably discharged soldiers, sailors, marines, members of revenue marine service and army nurses, residents of this state, not exceeding the amount of two thousand dollars, where the total assessment of such person does not exceed five thousand dollars, but no exemption shall be allowed

to such persons other than widows unless they have served at least sixty days in the military or naval service of the United States during time of war, and have been residents of this state prior to September 1, 1945." § 42–271, subsec. 8, 13 A.R.S.

 It is the contention of the appellant that while the assessor may in his discretion require that the veteran be the record titleholder (or at least have a record interest) in any property claimed to be exempt, the assessor is not required to be so restrictive and may grant an exemption on the basis of an affidavit of the veteran. We agree that the exemption is personal to the veteran although the property concerned is the basis of the tax exemption. Our Supreme Court has stated:

"It is incumbent upon one who would claim the exemption to show by satisfactory proof that he falls within one of the classes named. As is said in one case: 'What constitutes an exemption from taxation is a question of law; but whether a particular piece of property is within the exemption or not depends upon the existence or nonexistence of certain facts capable of proof * * *'." Calhoun v. Flynn, supra, 37 Ariz. page 67, 289 P. page 158.

And our Supreme Court has also stated:

"Exemption from taxation is an exception from the general rule that all property shall be taxed equally. He who asserts that his property is exempt must show it by the clear letter of the law. No intendments are in his favor. No construction will aid him. Every doubt will be resolved against him. He does not stand favored, as does a grantee or mortgagee. The meaning of words is not broadened to include him. Though you will construe liberally when you tax, you must construe strictly to exempt. You must point it out in the words, * * *." Atlantic & Pacific R. R. Co. v. Lesueur, 2 Ariz. 428, 431, 19 P. 157, 159, 1 L.R.A. 244 (1888).

We believe that before an assessor has the discretion to grant a tax exemption under the provisions of the Constitution and the Arizona Revised Statutes that a record interest in the property is a requisite for the exercise of the assessor's discretion. To hold otherwise would make chaos out of the tax records in the assessor's office, the treasurer's office, and in the county recorder's office. Other taxpayers whose total tax is increased although minutely by the tax exemption have a right to know not only what property is exempt from taxation but what person is claiming and receiving the exemption.

We believe the public policy requires that even under the self-executing provision of our Constitution (Art. 9, § 2) that before the veteran may receive an exemption he hold a record interest in the property sought to be exempt. This reasonable and affirmative act on the part of the veteran is a minor inconvenience upon the veteran while greatly facilitating the orderly administration of taxation by making revenue predictable and fraud less possible. 4 A.L.R.2d 748.

We therefore hold that before a veteran may receive (and the assessor has the power to grant) immunity from the common burden of real property taxation that the person receiving the exemption must have a record interest in the property in question.

 Nothing we say herein should be construed to apply to property held in trust for a person entitled to an exemption. The courts have held that the beneficiaries of a trust may be the owner of the property for the purposes of exempting property from taxation, Hahn v. County of Walworth, 14 Wis.2d 147, 109 N.W.2d 653, 94 A.L.R.2d 618 (1961), but we believe that even in these cases there must be some indication of the interest in the office of the county recorder.

Judgment affirmed.

STEVENS, J., concurs.

DONOFRIO, Chief Judge (dissenting).

I cannot agree with the conclusion reached by the majority of this Court and therefore respectfully dissent. Under the rationale of the Allred case cited in the majority opinion, there is little doubt that the Legislature could have imposed the requirement of a recorded interest by exercising its authority to make reasonable and adequate regulations detailing the steps necessary for a person to receive the tax exemption to which he is constitutionally entitled. Nor is it questioned that under A.R.S. § 42–272 the Tax Commission could have adopted the requirement by regulation. The statute at that time read:

"§ 42–272. Procedure, affidavits and forms

"The state tax commission shall prescribe the procedure, affidavits and forms required to carry into effect tax exemptions on property specified in § 2, article 9, constitution of Arizona."

However, these hypotheticals are not the operative facts of this case. As was pointed out in Maricopa County v. North Phoenix Baptist Church, 2 Ariz.App. 418, 409 P.2d 577 (1966), in speaking of A.R.S. § 42–272:

"* * * we are unable to find where this has been done. It would be well and save unnecessary confusion if the taxing authorities would outline a procedure and furnish necessary forms and affidavits to be filled out as provided by A.R.S. § 42–272 through § 42–276."

In absence of any express provision in the Constitution, statutes, or Tax Commission rules, the issue becomes a matter of construction. Both the Arizona Constitution, Art. 9, § 2, and A.R.S. § 42–271, in providing for the exemption, use the language: "the property of" widows, honorably discharged soldiers, etc. To this the majority applies the rule of strict construction and concludes as a matter of public policy that recording is essential to the exemption.

It is true that exempting statutes will be strictly construed, Atlantic & Pacific R. R. Co. v. Lesueur, 2 Ariz. 428, 19 P. 157, 1 L.R.A. 244 (1888), but it is equally true that the rule of strict construction does not call for a strained construction adverse to the real intent of the Legislature, nor a technical construction contrary to its ordinary meaning. 51 Am.Jur. § 528; Cedars of Lebanon Hospital v. Los Angeles County, 35 Cal.2d 729, 221 P.2d 31, 15 A.L.R.2d 1045, 1046. Here, the Constitution and the statutes manifest a clear intent to exempt the property of certain persons from taxation. In my opinion, the question of whether or not a given piece of property is in fact "the property of" a person who unquestionably is entitled to an exemption, is a factual determination which, under the existing law, belongs to the County Assessor. Authority for this position may be found in Calhoun v. Flynn, 37 Ariz. 62, 67, 289 P. 157, 158 (1930):

" 'What constitutes an exemption from taxation is a question of law; but whether a particular piece of property is within the exemption or not depends upon the existence or nonexistence of certain facts capable of proof, which, of course, is a matter for the determination of a jury, or trying tribunal performing the functions of a jury. * * *'

"Here the Legislature has in the first instance made the county assessor the trier of the question as to whether the property of claimant for exemption is in fact exempt. * * *"

For the reasons stated above, I would reverse.