459 P.2d 309

Joel H. BALDWIN, County Assessor of Yavapai County, Arizona, Appellant,

v.

Marvin E. ROHRER, John J. Pruitt and Bert Owens, members of the Board of Supervisors, Yavapai County, Arizona, Appellees.

No. 9716–PR.

Supreme Court of Arizona.

In Banc.

Oct. 8, 1969.

**50**

Cavness, DeRose, Senner & Foster, by John W. Rood, Phoenix, for appellant.

Eino M. Jacobson, Former County Atty., Yavapai County, for appellees.

McFARLAND, Justice.

The Board of Supervisors of Yavapai County (hereinafter called the Board)—Rohrer, Pruitt and Owens—instituted proceedings against the County Assessor of Yavapai County (hereinafter called the Assessor)—Baldwin—seeking declaratory relief under the Uniform Declaratory Judgments Act, A.R.S. § 12–1831 et seq. The Yavapai County Superior Court entered judgment in favor of the Board, and the Assessor appealed. This case is before us on a petition for review of a decision of the Court of Appeals affirming the judgment of the Superior Court of Yavapai County. We granted the petition for review. The decision of the Court of Appeals is vacated. 9 Ariz. App. 433, 453 P.2d 529. The judgment of the Superior Court was based upon an agreed statement of facts which is as follows:

"Pursuant to Rule of Civil Procedure 52(c), the parties agree that the issue to be determined by the court is whether, as claimed and contended by the defendant under A.R.S. Sections 42–271 and 42–272, and exemption may be granted an honorably discharged veteran otherwise entitled to such exemption, although the property interest of said veteran does not appear of record in the office of the county recorder of Yavapai County or whether, as claimed by the plaintiffs, such veterans are entitled to an exemption from taxation only where the interest of such veteran appears of record in the office of the county recorder of Yavapai County or elsewhere in the records of such county."

As conceded by the Board, the above facts assume a valid title to property in the veteran. Thus the sole question before this Court is whether a veteran must record his property interest in the proper county office, under § 33–411 et seq., A.R.S., in order to qualify for an exemption. The answer is No.

The statement of facts refers to A.R.S. § 42–271, but the source of the exemption is the Constitution of Arizona, Article IX,

Section 2, A.R.S., as amended, part of which reads:

"* * * There shall be further exempt from taxation the property of widows, honorably discharged soldiers, sailors, United States marines, members of revenue marine service, nurse corps, or of the components of auxiliaries of any thereof, residents of this state, not exceeding the amount of two thousand dollars, where the total assessment of such widow and such other persons named herein does not exceed $5,000.00; provided, that no such exemption shall be made for such persons other than widows unless they shall have served at least sixty days in the military or naval service of the United States during time of war, and shall have been residents of this state prior to September 1, 1945. * * * "

Since this case was initiated the foregoing section has again been amended, but no change was made in the provisions pertinent to this decision.

The legislature implemented the Constitution by setting forth the method by which qualified residents can obtain their exemptions in A.R.S. § 42–272 et seq. The sections to be considered here are as follows:

"§ 42–272. Procedure, affidavits and forms

"The department of property valuation shall prescribe the procedure, affidavits and forms required to carry into effect tax exemptions on property specified in section 2, article 9, constitution of Arizona. As amended Laws 1968, Ch. 149, § 2. Effective March 19, 1968.

"§ 42–273. Recording of discharge papers required prior to applying for military tax exemption

"A. Every person applying for exemption from taxation by reason of service in the military or naval services of the United States shall, before application is made, record his discharge papers in the office of the county recorder in the county where the application is made, or furnish such other evidence as is shown by the records on file in the appropriate department of the United States that the applicant has performed services which entitle him to the benefits of § 2, article 9, constitution of Arizona.

"B. When application for exemption is made in two or more counties, the discharge papers shall be recorded only in the county where the application is first made.

"§ 42–274. Affidavit

"A. A person claiming exemption from taxation under the provisions of § 2, article 9, constitution of Arizona, shall appear before the county assessor and make affidavit as to his eligibility, answering fully all questions appearing on a form provided by the county assessor for such purpose or otherwise propounded, but a person in the military service of the United States who is absent from the state, or who is confined in a veterans' hospital or in any licensed hospital, may make the required affidavit in the presence of any officer authorized to administer oaths upon a form obtained from the county assessor.

"B. A false statement made or sworn to in the affidavit shall constitute and be punishable as perjury.

"§ 42–275. Proof of exemption

"The assessor may, in his discretion, require additional proof of the facts stated by the affiant before allowing an exemption. Failure upon the part of a person entitled to exemption to make affidavit or furnish evidence as required by this article between the first Monday in January and March 1 each year shall be deemed a waiver of such exemption. As amended Laws 1967, 2nd S.S., Ch. 4, § 1."

In Evans v. Hallas, 64 Ariz. 142, 167 P.2d 94, this Court stated:

"The right to a widow's exemption is granted by the Constitution of Arizona. Art. 9, sec. 2. Neither the legislative, the executive, nor judicial departments have

the power to deprive a widow of such right. Nor may the right of exemption be denied through any action of an administrative board or officer: * * *"

The State does not "give" these exemptions. Rather, they are a Constitutional right inherent in a certain class—i. e., widows and veterans—as set forth in Evans, supra. There are further qualifications that veterans shall have served at least sixty days in the service during time of war, have been discharged honorably, and have been residents of Arizona prior to September 1, 1945. While no branch of state government has the power to deprive a qualified person. of his exemption, Evans v. Hallas, supra, the legislature is empowered to establish reasonable procedures for establishing a claim. State v. Allred, 67 Ariz. 320, 195 P.2d 163, 4 A.L.R.2d 735; Calhoun v. Flynn, 37 Ariz. 62, 289 P. 157. This it has done by the statutes set forth above. Under §§ 42–274 and 42–275, supra, it is the obligation of the county assessor, by proper proof, to confirm that any particular individual qualifies as a member of the class, and if he finds in the affirmative the assessor *must* credit that person with an exemption.

> By virtue of § 42–275, supra, he may "in his discretion, require additional proof of the facts stated by the affiant before allowing an exemption."

Thus, the legislature made the county assessor the exclusive arbiter of the facts, subject to review for abuse of his discretion, and the sole authority empowered to allow exemptions. This Court has previously held this to be so in Calhoun v. Flynn, supra, where it was stated:

> "Here the Legislature has in the first instance made the county assessor the trier of the question as to whether the property of claimant for exemption is in fact exempt. It did not empower the county treasurer to pass upon that question. * * *"

Obviously, there must be some "property" to which the exemption can attach which implies ownership in the veteran. This too is subject to proof before the assessor. But, recordation or the lack of it does not affect the passing of title, be it legal or equitable, between the grantor and grantee. In Chaffee v. Sorensen, 107 Cal.App.2d 284, 236 P.2d 851, 854, the court stated:

> "* * * The operation of the deed to transfer title was not affected by its non-recordation. The recording of an instrument gives notice to the world of the transfer but does not add to its efficacy as a complete conveyance of title."

See also Jacobs v. Jacobs, 321 Mass. 350, 73 N.E.2d 477. In 5 Tiffany, Real Property, § 1262 (3d Ed.), it is stated:

> "* * * The requirement of record has almost invariably been regarded as intended for the protection of subsequent purchasers only, so that a failure to record the instrument in no way affects the passing of title as between the parties thereto. The grantor merely retains, by force of the statute, a power to defeat the conveyance, if not recorded, by a subsequent conveyance to another."

An example of this are escrow deeds which are not required to be, and often are not, recorded until the terms of the escrow are satisfied. Equitable title nevertheless passes to the grantee, Jarvis v. Chanslor & Lyon Co., 20 Ariz. 134, 177 P. 27, and a veteran in such a situation has sufficient "ownership" to qualify for an exemption.

Nowhere in the constitutional and statutory provisions can be found any requirement that recordation is a prerequisite to the exemption. In fact, there is absolutely no language which would even remotely lend itself to a construction that the legislature so intended. It is significant that the only mention of recording is in § 42–273, supra, and that applies only to discharge papers; had the legislature intended to require compliance with the recording statutes it would have done so with the same certainty. The constitutional provisions and the statutes are clear and unambiguous on their face, and do not require construction by this Court. Bohannan v. Corporation

Commission, 82 Ariz. 299, 313 P.2d 379; Cooley, Constitutional Limitations, pp. 125–127 (8th Ed.).

However, the Board argues that the State is a creditor, without notice, for the tax owed on the land, and that by virtue of A.R.S. § 33–412, the exemption is not binding on it if the veteran does not record his property interest. The Assessor counters with the assertion that under the law of principal and agent, notice of property ownership to the Assessor is effective notice to the State.

The entire argument is irrelevant. First, assuming the State is a creditor without notice, it is a creditor only to the extent of the tax owed and the veteran would not owe tax on that part of the assessment covered by the exemption. Second, A.R.S. § 33–412 refers to conveyances, deeds of marriage settlement, deeds of trust, and mortgages by which an owner transfers his title, whether legal or equitable, to another. The veteran here is attempting to obtain a reduction in his tax, not convey his property. Finally, the veteran's right to his exemption vests in him at the time he proves his qualification to the satisfaction of the Assessor, and there is no condition that the recipient of the exemption must notify any other department or official. If there is any administrative obligation on the part of the Assessor to advise another department, his error or failure in this regard in no way affects the right of exemption. Evans v. Hallas, supra.

As we have stated, the exemption is a constitutional right; the intricacies of the law of Principal and Agent and Creditor's Rights will not be resorted to for the purpose of circumventing the clear intention expressed in the Constitution.

The decision of the Court of Appeals is vacated, and the judgment of the Superior Court is reversed. Judgment is herewith ordered in favor of the Assessor.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.